A99A0437. BAKER v. THE STATE.
(518 SE2d 455)

BLACKBURN, Presiding Judge.

Michael Baker appeals his conviction of aggravated assault following a jury trial. Baker contends that the trial court erred (1) in its handling of the State's failure to adhere to the reciprocal discovery requirements of OCGA § 17-16-4 (a) (1); (2) by sending the jury a questionnaire prior to their verdict; and (3) by failing to charge on self-defense. Because the trial court abused its discretion in dealing with the State's discovery failures, we reverse.

Viewing the evidence in the light most favorable to the verdict, it reveals that, on the night of the incident, Baker went to a night club called the Royal Peacock. Baker and the victim, a bouncer at the club, got into a fight at the entrance over whether Baker was required to pay the cover charge. Baker was eventually allowed into the club and was not searched for weapons, unlike all the other patrons who entered the club. A short time later, as the victim left by the back stairs, Baker ran after him. A security guard was unable to stop Baker from following the victim. The victim testified that he heard gunshots as he was descending the stairs with another person. When he turned around, he saw Baker coming at him firing a gun. The victim was shot three times in the back and once in the chest.

1. The record reveals that Baker elected to proceed under the discovery provisions of OCGA § 17-16-1 et seq. by serving written notice on the State, as required by OCGA § 17-16-2 (a). OCGA § 17-16-4 (a) (1) mandates disclosure to the defendant, "no later than ten days prior to trial," of any "relevant written or oral statement made by the defendant while in custody, whether or not in response to

interrogation."

On the morning of Baker's trial, the State served his counsel, for the first time, with notice that the arresting officer was going to testify that, upon Baker's arrest, Baker stated that the shooting was in self-defense because the victim pulled a gun on him. Baker's counsel moved for either a continuance or an order precluding the use of Baker's statement. Counsel asserted that she had not previously heard of Baker's alleged statement and that it contradicted her planned defense that Baker was not the perpetrator of the shooting.

A defendant who opts into the reciprocal discovery statute is entitled to, among other things, pretrial discovery of any witness statements in the State's possession (OCGA § 17-16-7), certain statements of the defendant (OCGA § 17-16-4 (a) (1)), and the defendant's criminal history (OCGA § 17-16-4 (a) (2)). The defendant is also entitled to review and copy any documents or other items in the State's possession, including scientific reports, which the State intends to use as direct or rebuttal evidence (OCGA § 17-16-4 (a) (3) and (4)). In return for this entitlement, the defense is required, among other things, to provide reciprocal discovery of documents and items in its possession (OCGA § 17-16-4 (b)) and to provide discovery regarding any alibi defense (OCGA § 17-16-5).

OCGA § 17-16-1 (1) provides that " '[p]ossession, custody, or control of the [S]tate or prosecution' " means an item which is within the possession, custody, or control of the prosecuting attorney *or any law enforcement agency involved in the investigation of the case being prosecuted.*" (Emphasis supplied.) As the burden is on the prosecution to produce or assemble for review all discoverable evidence, it has an affirmative obligation to keep apprised of all discoverable items in its possession or in the possession of the police. The prosecution cannot avoid a finding of bad faith by merely claiming ignorance of the contents of the police file. See *Marshall v. State*, 230 Ga. App. 116, 118-119 (2) (495 SE2d 585) (1998).

OCGA § 17-16-6 gives the trial court discretion in fashioning a remedy where the State fails to perform its discovery obligations. The statute provides that

> the court may order the state to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed or presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances.

In the present case, the State made several responses to Baker's motion. The State contended that, because Baker's trial counsel was

not the attorney who opted into the discovery statute, the State did not have the burden to produce anything to her until she had adopted the previous public defender's motions. The State then asserted that it had difficulty obtaining Baker's counsel's address, but that the statement was not available to the State when it did obtain her address. The State attempted to maintain that it was not under any obligation to reveal the statement because it was "discovered" when the witness was interviewed for the first time the weekend prior to trial. The State maintained that it furnished the statement to the defendant at the earliest possible opportunity after it was "discovered." The State further argued that the witness was named in the arrest report (not a witness list) that had been furnished to the defendant several months prior to trial and that, therefore, the defendant's counsel could have interviewed the witness herself. The State also argued that it was unaware "where that's written, that the State is required to interview all witnesses [ten] days before trial."

The reciprocal discovery statute clearly reflects two principal goals. First, and most important, any remedy fashioned by the trial court must be designed to restore to defendant all those rights which the legislature intended for the defendant to have, had the State met its burden under the statute, and to correct the prejudice to the defendant caused by the State's failure to perform its mandatory discovery obligations, regardless of whether the State acted in bad faith. Second, the statute clearly contemplates the imposition of punitive sanctions, including the exclusion of evidence, to deter the State from violating its discovery obligations. This deterrent goal is important because, if the most serious consequence of a failure to perform is the mere grant of a continuance, the State would have little incentive to ensure that it fully complies with its discovery obligations.

In the present case, defense counsel specifically argued that the arresting officer's testimony regarding her client's statement contradicted her planned defense that Baker was not the perpetrator of the shooting. A primary purpose of requiring disclosure of evidence and witnesses well in advance of trial is to allow counsel time to reflect with deliberation upon such evidence, to consider how it could best be presented at trial and how it affects her overall strategy, and to seek to develop other evidence to corroborate or impeach the discovered evidence. When wrongfully withheld evidence is disclosed for the first time at the start of the trial, the defendant may be presumed to have been prejudiced, as his attorney has not had the opportunity to reflect upon such evidence and to determine what other investigation may be required as a result of its use and how it impacts the existing trial strategy and the subpoena and call of witnesses.

In the present case, the State clearly violated its obligations

under the discovery statute. Nor can we find that such violation was harmless in light of the defense counsel's statement regarding her newly contradicted defense. "While the range of remedies permitted by OCGA § 17-16-6 is wide, the trial court's discretion is not unlimited, particularly when its exercise affronts [the statute's] goals." *Marshall v. State*, supra at 118. The trial court's failure to, at the least, grant Baker's motion for continuance was an abuse of discretion which requires the reversal of Baker's conviction.

2. Baker contends that the trial court erred in sending a questionnaire to the jury prior to their verdict being announced. The record shows prior to the verdict being announced, the trial court clerk gave the jurors letters signed by the court indicating the dates each juror had served and questionnaires regarding the juror's opinions of their jury experience. Baker's counsel objected and moved for a mistrial arguing that it was improper for the jury to receive anything other than the evidence in the case before the pronouncement of the verdict.

> "The granting or denial of a mistrial is within the sound discretion of the trial court, and we will not disturb his ruling in the absence of abuse of that discretion." *Griggs v. State*, 181 Ga. App. 618 (353 SE2d 97) (1987). See also *Anderson v. State*, 183 Ga. App. 669, 672 (359 SE2d 688) (1987); *Tyler v. State*, 198 Ga. App. 685, 687 (1) (402 SE2d 780) (1991); *Hall v. State*, 177 Ga. App. 464 (339 SE2d 658) (1986).

*Watts v. State*, 223 Ga. App. 412, 417 (3) (477 SE2d 852) (1996). The questionnaire related to jury service generally and was not specifically directed to any issue in the case under their consideration. Although the better practice would be to distribute the questionnaire after the verdict is pronounced in open court, its early distribution in this case does not require reversal. See *Battle v. State*, 234 Ga. 637 (217 SE2d 255) (1975) (where reviewing court found that the defendant was not affected by the communication).

3. In his final enumeration of error, Baker contends that the trial court's refusal to give his oral request to charge the jury on self-defense was error. However, "[t]his court has held that where there has been no written request to charge, failure to give the charge is not error." (Punctuation omitted.) *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991). See also *Grady v. State*, 212 Ga. App. 118, 119-120 (3) (441 SE2d 253) (1994).

*Judgment reversed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1999.

*Steven E. Phillips,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys,* for appellee.