## A06A0918. JOHNSON v. THE STATE.

(636 SE2d 178)

SMITH, Presiding Judge.

Haskell Johnson appeals from his conviction for possession of cocaine with the intent to distribute. Johnson asserts that the trial court erred by denying his motion for new trial based on ineffective assistance of counsel and prosecutorial misconduct and by failing to exclude expert opinion testimony that lacked an adequate foundation. Because we find Johnson received ineffective assistance of counsel that prejudiced his defense, we reverse and remand this case for a new trial.

1. Johnson claims his counsel provided ineffective assistance after the State elicited testimony about an oral admission made by Johnson, while he was in custody, that it had not previously disclosed to the defense in violation of OCGA § 17-16-4 (a) (1).[1] The record shows that a police officer testified that Johnson admitted that "the drugs were his" while he was being booked into jail. The way in which the prosecutor framed his direct examination questions to the police officer demonstrates that the prosecutor had advance knowledge of the undisclosed statement.

> Q. Now spontaneously, and not in response to any inquiry you made of him, did Mr. Johnson say anything in connection with the cocaine in this case to you?

---

[1] This Code provision requires the State to produce all "written or oral statement[s] made by the defendant while in custody, whether or not in response to interrogation." Id.

A. Spontaneously — when I was asking him the questions for the committal, he did make a spontaneous — without me asking him questions, yes sir.
Q. In terms of the cocaine in question, what did he say?
A. The drugs were his, but he didn't know anything about any other possible suspicion of anything else.

Although Johnson's trial counsel did not object to this testimony or move for a mistrial, he did establish during cross-examination that the police officer failed to include this admission in his written report and that the officer did not recall mentioning this admission during his preliminary hearing testimony.

After acknowledging these omissions, the police officer volunteered, "I did share it with the District Attorney when he first approached me concerning this matter. It was made known to him back a long time ago." The police officer also acknowledged that he did not know whether defense counsel had been informed about the existence of this statement.

During redirect examination, the prosecutor elicited the following false testimony from the police officer:

Q. You did testify at a prior hearing though, in this matter, not just at the preliminary hearing, didn't you?
A. That's correct.
Q. And you mentioned it then, didn't you?
A. That's correct.
Q. That was months ago wasn't it?
A. A long time ago, yes, sir.

The record shows that the police officer testified at a motion to suppress hearing four months before the trial and *never* mentioned Johnson's alleged admission. The record also shows that the prosecutor who tried the case also represented the State at the motion to suppress hearing.

Following this testimony, defense counsel moved for a continuance to obtain a transcript of the motion to suppress hearing to verify whether the officer had in fact testified about Johnson's incriminating statement. The State opposed the continuance on the grounds that the defense had announced ready for trial, and the trial court denied the motion.

Johnson asserts on appeal that his trial counsel was ineffective for failing to object to the State's discovery violation. He also contends that his counsel's failure to obtain a copy of the motion to suppress transcript before announcing ready for trial also constituted ineffective assistance.

At a hearing on the motion for new trial, Johnson's trial counsel testified that it did not occur to him to object or move for a mistrial as a result of the State's discovery violation and that he should have done so. Trial counsel also testified that, in his opinion, his credibility with the jury was "really hurt" by the implication that he had in fact had notice of his client's incriminating statement, and this, in turn, hurt his client's right to a fair trial.

We agree with counsel's assessment that he should have objected and moved for a mistrial based upon the State's discovery violation. Our analysis does not end here, however, because Johnson must also show that prejudice resulted from his trial counsel's failure to object and move for a mistrial. *Paige v. State*, 277 Ga. App. 687, 690 (4) (627 SE2d 370) (2006). Johnson "must show that if his counsel had moved for a mistrial, it would have been an abuse of discretion for the trial court to deny it. [Cits.]" Id. at 691 (4) (a).

A trial court is authorized to grant a mistrial when the State violates its discovery obligations and the defendant shows prejudice and bad faith. *Gore v. State*, 277 Ga. App. 635, 640 (3) (627 SE2d 198) (2006). In this case, there is ample evidence of bad faith on the part of the State. The record demonstrates that the prosecutor intentionally elicited testimony about the defendant's admission, and the police officer testified that he notified the district attorney about the admission long before the trial.

With regard to prejudice, we may presume prejudice when wrongfully withheld evidence is disclosed for the first time during the trial because it deprives defense counsel of "the opportunity to reflect upon such evidence and to determine what other investigation may be required as a result of its use and how it impacts the existing trial strategy and the subpoena and call of witnesses." *Baker v. State*, 238 Ga. App. 285, 287 (1) (518 SE2d 455) (1999). In this case, for example, trial counsel would have understood the importance of obtaining the police officer's prior testimony in the motion to suppress hearing before trial, and he would have been prepared to expose the prosecutor's misconduct in eliciting false testimony about a previous disclosure of the admission.

While a trial court has broad discretion to formulate remedies for discovery violations, this discretion is not unlimited. *Baker*, supra, 238 Ga. App. at 288 (1). Based on the egregious discovery violation by the State in this case, compounded by the false testimony that notice had been given to defense counsel in the motion to suppress hearing, we conclude that, if the State's discovery violation had been brought to the trial court's attention, a failure to order a mistrial would have been an abuse of discretion. Any other result would provide "the State with no present or future incentive to ensure full compliance with its

discovery obligations. [Cit.]" *Marshall v. State*, 230 Ga. App. 116, 119 (2) (495 SE2d 585) (1998).

A mistrial was also warranted because the defendant's admission was central to the State's case against him and was not cumulative of any other evidence presented at trial. The record shows that Johnson was arrested after a police officer saw him sitting alone in a parked truck at 4:30 a.m. a short distance from a bar in a high crime area. When Johnson saw the police officer drive by him, he "laid down." The officer found this suspicious and returned a few minutes later. When the officer approached the truck, he shined a light on it and saw Johnson attempting to hide with a black jacket over his head. When the officer opened the truck's door and asked Johnson to step out of the vehicle, Johnson dropped the jacket on the pavement and ran. After the officer chased and caught Johnson, he placed him in handcuffs and returned to the truck with him. After placing Johnson in his patrol car, the officer searched the black jacket and found crack cocaine in the right front pocket. When police officers searched the truck, they found two guns, one under the driver's seat and one under the passenger's seat.

During cross-examination of the State's witnesses, defense counsel established that the truck was stolen, that the police made no effort to obtain fingerprints from the plastic bags containing the crack cocaine, and that the incident report stated that the jacket was found on the front seat of the vehicle, not that it had been dropped by Johnson during his flight.

The owner of the truck did not testify, and there was no evidence as to how long the truck had been missing. The police officer explained during redirect examination that he did not attempt to obtain fingerprints on the bags of cocaine because Johnson admitted ownership of the cocaine.

At the conclusion of the State's case, the trial court granted Johnson's motion for a directed verdict of acquittal on the charge of carrying a concealed weapon. The jury found Johnson not guilty of possession of a firearm during the commission of a crime, but guilty of possession of cocaine with the intent to distribute.

Based on the conflicting evidence about the location of the jacket in the stolen truck, the lack of evidence showing how long the truck might have been in Johnson's possession, the police officer's testimony that he did not attempt to obtain fingerprints because Johnson admitted ownership of the cocaine, and the jury's acquittal of Johnson for possession of the guns found in the stolen truck, we find there is a reasonable probability that Johnson's defense was prejudiced by the police officer's testimony that Johnson admitted ownership of the cocaine. See *Joncamlae v. State*, 267 Ga. App. 214, 217-218 (1) (598

SE2d 923) (2004) (reversible error based upon counsel's failure to object and seek mistrial for State's discovery violation).

Because Johnson has shown that prejudice resulted from his counsel's deficient performance in failing to object or request a mistrial, we must reverse his conviction and remand this case for a new trial.

2. Our holding in Division 1 renders Johnson's remaining enumerations of error moot.

*Judgment reversed and case remanded. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*James C. Walker*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.