### S06A0959. JENKINS v. THE STATE.
(635 SE2d 714)

CARLEY, Justice.

After a jury trial, Jamari Shamon Jenkins was found guilty of felony murder of Jesse Johnson, three counts of aggravated assault, four counts of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon. The trial court entered judgments of conviction and sentenced Jenkins to life imprisonment for murder and to varying terms of years for the remaining offenses. A motion for new trial was denied, and he appeals.*

1. Construed most strongly in support of the verdicts, the evidence, including the testimony of several eyewitnesses, shows that Jenkins encountered a number of individuals outside the residence of Johnson's grandmother. Jenkins began arguing with Marcel Coleman, drew a gun, and fired multiple times, fatally wounding Johnson, and also striking Calvin Coleman and Aesha Battiste. Jenkins, who denied any involvement in the shooting, contends that the only witness who claimed to see him fire a gun, Calvin Coleman, lacked credibility because he left the scene, failed to call the police, gave false information at the hospital concerning his injuries, and admitted that he had a prior difficulty with the defendant. Actually, however, Marcel Coleman also testified that he saw Jenkins fire the shots. Ms. Battiste saw Jenkins, and no one else, draw a gun, and ballistic tests confirmed that she and Johnson were shot by the same weapon. Moreover, " '[i]t was for the jury to assess the credibility of the witnesses, resolve any conflicts in the evidence, and come to a determination of the facts. (Cits.)' [Cit.]" *McLeod v. State*, 271 Ga. 455 (520 SE2d 692) (1999). When construed most strongly in support of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find Jenkins guilty beyond a reasonable doubt of the crimes

---

* The crimes occurred on March 10, 2002, and the grand jury returned an indictment on June 5, 2002. The jury found Jenkins guilty on January 29, 2003 and, on February 5, 2003, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on February 14, 2003, amended on August 13 and November 4, 2004, and denied on August 16, 2005. Jenkins filed a notice of appeal on September 7, 2005. The case was docketed in this Court on February 8, 2006 and submitted for decision on April 3, 2006.

for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's refusal to give a requested charge on grave suspicion is enumerated as error. The evidence at trial, including the testimony that Jenkins was the shooter, raised more than a grave suspicion of his guilt. *Hodo v. State*, 272 Ga. 272, 275 (6) (528 SE2d 250) (2000); *Estep v. State*, 181 Ga. App. 842, 844 (2) (b) (353 SE2d 913) (1987). Furthermore, the trial court gave complete instructions on reasonable doubt and presumption of innocence. *Hodo v. State*, supra at 276 (6); *Lowe v. State*, 267 Ga. 180, 181 (2) (476 SE2d 583) (1996). Thus, the trial court did not err in refusing to give the requested charge.

3. Jenkins contends that the prosecutor improperly commented during closing argument that the jurors must be tired of hearing about senseless shootings in their community. By failing to make a timely objection, however, Jenkins waived his right to urge the impropriety of this comment on appeal. *Brown v. State*, 278 Ga. 544, 547 (5), (6) (604 SE2d 503) (2004); *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999). Moreover, "[a] prosecutor may appeal to the jury to convict for the safety of the community or . . . argue to the jury the necessity for enforcement of the law. [Cit.]" *Berry v. State*, 267 Ga. 476, 482 (4) (j) (480 SE2d 32) (1997).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jennifer L. Parker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.