## S07A1430. RUFFIN v. THE STATE.

(656 SE2d 140)

HUNSTEIN, Presiding Justice.

Antonio Ruffin was convicted of murder, possession of a firearm during the commission of a felony and, in a bifurcated trial, possession of a firearm by a convicted felon arising out of the shooting death of Michael Young. The trial court denied his motion for new trial and he appeals.[1] For the reasons that follow, we affirm.

1. The State presented evidence that on the afternoon of March 2, 1999, the victim and his friends were in his yard, talking and using his weight lifting equipment, when appellant drove up in a dark-colored Honda Accord. Appellant exited the vehicle with a gun in each hand; walked directly over to the unarmed victim sitting on a weight bench; asked the victim, "you thought this was over with?"; and, without giving the victim time to reply, shot him repeatedly. Before bleeding to death, the victim identified appellant as his shooter to the deputy sheriff who responded first to the scene. Five eyewitnesses also identified appellant as the shooter; most of them had known appellant for many years. Other witnesses placed appellant in a dark-colored Honda Accord both shortly before and immediately after the shooting and appellant's mother told police on the day of the shooting that appellant was driving his uncle's black Honda Accord. In the second portion of the bifurcated trial, the State introduced into evidence certified copies of a November 1991 indictment and the sentence appellant received after entering a negotiated guilty plea to possession of cocaine.

The overwhelming evidence adduced in this case amply authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court did not err by denying appellant's motion for a directed verdict of acquittal. Id. See generally *Hester v. State*, 282 Ga. 239 (2) (647 SE2d 60) (2007) (standard of review for denial of motion for directed verdict of acquittal is same as for determining sufficiency of evidence to support a conviction).

---

[1] The crimes occurred on March 2, 1999. Ruffin was indicted March 21, 1999 in Richmond County on charges of malice murder, felony murder, possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon. He was found guilty on all charges on June 23, 1999 and was sentenced to life imprisonment for murder and two consecutive five-year terms for the possession charges. His motion for new trial, filed July 20, 1999 and amended September 4, 2004, was denied May 24, 2005. A notice of appeal was filed June 17, 2005. After a hearing was held to reconstruct the lost record of the motion for new trial hearing, the case was forwarded to this Court. The appeal was docketed June 6, 2007 and submitted for decision on the briefs.

2. After two hearings were held on appellant's motion for new trial, the motion was denied and appellant timely filed a notice of appeal from that ruling on June 17, 2005. Because the transcription of one of the two hearings was lost, the trial court chose to conduct a hearing to reconstruct the evidence presented. See OCGA § 5-6-41. However, the trial court allowed appellant to orally amend his motion for new trial at the hearing in order to raise additional claims of error and subsequently issued another order, filed October 27, 2006, denying appellant's motion for new trial, from which appellant timely filed yet another notice of appeal.

We decline to address appellant's enumeration challenging the trial court's ruling on the supplemental issue raised at the hearing to reconstruct the evidence. The filing of his notice of appeal on June 17, 2005 divested the trial court of jurisdiction to consider that issue. *Bridges v. State*, 279 Ga. 351 (10) (613 SE2d 621) (2005). While OCGA § 5-6-41 (f) allows trial courts to retain some control over the record on appeal in certain instances, its purpose "is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supplying fatal deficiencies after the fact. [Cit.]" *Wigley v. State*, 194 Ga. App. 7, 9 (7) (389 SE2d 769) (1989).

3. Although appellant contends the trial court erred by giving only "partial" charges on circumstantial evidence, impeachment and bad character evidence, pretermitting his failure to explain how he was denied a fair trial by the absence of more in-depth language in these charges, our review of the charge as a whole reveals that the trial court adequately and appropriately instructed the jury on those issues. See generally *Stansell v. State*, 270 Ga. 147 (4) (510 SE2d 292) (1998) (court must review charge as whole).

4. Appellant's sixth enumeration is not supported by argument or citation of authority and is accordingly deemed abandoned. Supreme Court Rule 22.

5. Grand jury proceedings are confidential and thus appellant was not entitled to a transcript of those proceedings. *Isaacs v. State*, 259 Ga. 717 (2) (c) (386 SE2d 316) (1989).

6. Contrary to appellant's contention, the State's closing argument was recorded and made part of the record on appeal. Regarding the absence of a transcript of voir dire, opening statement, bench conferences and the polling of the jury, appellant does not raise any objection to matters that occurred during these portions of the trial, but only to their omission from the record. Such omissions "cannot be reversible error absent an allegation of harm resulting from the deletion. [Cit.]" *Smith v. State*, 251 Ga. 229, 230 (2) (304 SE2d 716) (1983). See also *Sinns v. State*, 248 Ga. 385 (2) (283 SE2d 479) (1981) (court's failure to order recordation of bench conferences is not error absent some prejudice to defendant).

7. The trial court properly excluded evidence regarding a conflict between the murder victim and Reggie Williams, one of the men lifting weights with the victim at the time of the crime. Appellant did not assert a defense of justification and thus evidence of the murder victim's character was irrelevant and inadmissible. *Lance v. State*, 275 Ga. 11 (13) (a) (560 SE2d 663) (2002). Williams testified at trial, thus affording appellant ample opportunity to inquire whether he, rather than appellant, shot the victim.

8. We find meritless appellant's objections regarding the trial court's limiting charge on prior difficulties between appellant and victim, which was taken from the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases.[2]

9. Contrary to appellant's contention, the ultimate issue in this case was not whether appellant was the person driving the dark-colored Honda Accord but whether appellant murdered the victim. Accordingly, we find no merit to appellant's claim that the trial court erred by admitting testimony by a witness regarding the driver's identity. See generally *Collum v. State*, 281 Ga. 719 (3) (642 SE2d 640) (2007). We will not consider appellant's other arguments regarding the admission of this testimony because they were not raised at trial. See *Hunter v. State*, 282 Ga. App. 355 (3) (a) (638 SE2d 804) (2006) (appellate court cannot consider objections to evidence different from those raised at trial).

10. Whether courtroom demonstrations will be permitted rests within the sound discretion of the trial court. See *Ruger v. State*, 263 Ga. 548 (2) (b) (436 SE2d 485) (1993). We find no abuse of discretion here.

11. Appellant contends that the prosecutor improperly commented on his character during closing argument that the jurors must be tired of hearing about senseless shootings in their community. By failing to make a timely objection, however, appellant waived his right to urge the impropriety of these comments on appeal. *Jenkins v. State*, 281 Ga. 24 (3) (635 SE2d 714) (2006). Although appellant also asserted in his enumeration of error that the prosecutor improperly commented on appellant's right to remain silent, he abandoned that issue by failing to support it by argument or citation of authority. Supreme Court Rule 22. Moreover, a review of the prosecutor's statements reveals that he was only commenting on appellant's failure to present evidence, not his right to remain silent. See *Brown v. State*, 278 Ga. 544 (5) (604 SE2d 503) (2004).

---

[2] The trial court gave almost verbatim the charge from the second edition of the Suggested Pattern Jury Charges, Part 3 (P), which is identical to the charge set forth in the third edition. 1.34.20.

12. Appellant enumerates 21 instances in which he claims he received ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that, but for that deficient performance, there is a reasonable probability the outcome of his trial would have been different. *Jackson v. State*, 282 Ga. 494 (2) (651 SE2d 702) (2007).

(a) Appellant's defense at trial was that Reggie Williams, one of the men visiting with the victim as he lifted weights, was the actual murderer and that the other witnesses who identified appellant as the shooter or as the driver of the dark-colored Honda Accord all lied as part of a conspiracy to protect Williams. Undermining that defense, however, was the testimony of the deputy sheriff that the dying victim identified appellant to her as the person who shot him. Appellant contends counsel was ineffective for failing to ask for a continuance in order to prepare for the deputy sheriff's testimony. However, the trial transcript reveals that defense counsel thoroughly cross-examined the witness, eliciting that she had not included the victim's statement in her written report and that she had failed to tell the investigating officers about the statement; defense counsel also established on cross-examination of the paramedic who tended the victim that the victim declined to name his shooter when questioned by the paramedic. Even assuming, arguendo, that the trial court would have granted a continuance, appellant has failed to show what additional matters counsel could have accomplished had he obtained a continuance. Accordingly, even assuming counsel's deficiency in failing to request a continuance, there was no showing of any resulting prejudice. See *Wells v. State*, 281 Ga. 253 (2) (a) (637 SE2d 8) (2006) (defendant must show different verdict would have resulted had counsel not failed to request continuance).

(b) While dying declarations are subject to impeachment, e.g., *Washington v. State*, 137 Ga. 218 (5) (73 SE 512) (1911) (dying declarant's inconsistent statements may be used for impeachment), evidence that the victim in this case had prior felony convictions was not relevant for that purpose. See *Green v. State*, 195 Ga. 759 (6) (25 SE2d 502) (1943) (evidence that deceased brought witness some liquor on day of killing did not serve to impeach dying declaration). Defense counsel did not perform deficiently in this regard.

(c) At the hearing on appellant's motion for new trial, appellant clarified with defense counsel that he did not make a *Batson*[3] motion but appellant failed to ask defense counsel why he chose not to do so.

---

[3] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

Nor did appellant make any showing that the State used its peremptory strikes in violation of *Batson*. We find no merit in this claim of ineffectiveness.

(d) Appellant's claim that counsel spent inadequate time conferring with him " 'is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client. (Cit.)' [Cit.]" *Harris v. State*, 279 Ga. 304, 307 (3) (b) (612 SE2d 789) (2005). Moreover, appellant has failed to demonstrate how additional time with counsel would have changed the outcome of his case. Appellant presented no evidence that alibi witnesses existed or that he mentioned them to counsel. See *Escobar v. State*, 279 Ga. 727 (5) (620 SE2d 812) (2005) (trial counsel cannot be deemed ineffective for failing to locate alibi witness whose existence was not brought to counsel's attention). We conclude that appellant's assertion of ineffective assistance of counsel predicated on insufficient trial preparation is without merit.

(e) The record reveals that appellant never requested the appointment of additional counsel and, contrary to appellant's claim, a criminal defendant has no constitutional right to the same number of attorneys as the prosecution.

(f) Appellant's guilt was overwhelmingly established by the deputy sheriff's testimony regarding the victim's dying declaration and the eyewitness testimony. Accordingly, we need not analyze the deficient performance prong of appellant's remaining claims of ineffectiveness[4] because we hold that appellant cannot show how any of those deficiencies prejudiced his defense. See *Jackson*, supra, 282 Ga. at 497 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 11, 2008.

*Brendan N. Fleming*, for appellant.

---

[4] Appellant contends counsel was ineffective for failing to move for continuances in regard to the State's motion to exclude the victim's bad acts and the introduction of a 911 call (which the trial court excluded on counsel's motion); failing to establish a foundation to admit evidence that Reggie Williams had motive to shoot the victim; failing to object to a previously undisclosed videotape of the crime scene, the State's use of a mentally incompetent witness and the admission of hearsay evidence by a police officer regarding who was driving the dark-colored Honda Accord; failing to move for a mistrial based on comments made by the trial judge and upon learning the State had a deal with one eyewitness to testify; failing to adequately investigate a State witness and impeach him with his involuntary manslaughter conviction; failing to request a longer charge on circumstantial evidence; and failing to object to improper comments by the prosecutor in closing argument. Appellant's ineffectiveness claims regarding the photographic lineup have been abandoned. See Supreme Court Rule 22.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Madonna M. Little, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General,* for appellee.