## S12A1149. JOHNSON v. THE STATE.
### (733 SE2d 736)

NAHMIAS, Justice.

Appellant Haskell Johnson was jointly indicted with Derek Willingham and Franklin Frails for malice murder, felony murder, and possession of a firearm during the commission of a crime after the shooting death of Ritchard Lewis. Willingham and Frails were also indicted for possession of a firearm by a convicted felon. Appellant was tried first and convicted of all counts.[1] Appellant contends that the trial court erred in admitting evidence of a similar transaction, in charging the jury that it was permitted but not required to infer that a person in possession of a vehicle possesses the contents of that vehicle, and in ruling against his claim that the State was collaterally estopped from admitting evidence that, on March 5, 2000, he possessed the gun used to kill the victim on March 4. We reject those claims and affirm all of the judgment except for Appellant's life sentence for felony murder, which must be vacated.[2]

1. The evidence at trial, viewed in the light most favorable to the verdict, showed the following. Around 4:00 a.m. on March 4, 2000, Appellant, Willingham, and Frails were at a house in Augusta, Georgia, where drugs were frequently sold. Appellant and Willingham were armed with handguns. A witness saw a man give the victim $20 to purchase cocaine for him at the house. The victim and the man then met with Appellant and Willingham to buy the drugs. During the transaction, Appellant robbed the man and then shot the victim. The man drove off in his car, and law enforcement has never identified him. Another witness at the drug house saw Willingham and

---

[1] In a later joint trial, Willingham was convicted on all counts and Frails was acquitted. This Court subsequently reversed Willingham's convictions due to a violation of his right to confrontation. See *Willingham v. State*, 279 Ga. 886 (622 SE2d 343) (2005). The violation involved a key witness from Appellant's trial who died before Willingham's trial, but whose prior testimony and police statement were allowed into evidence. See id. at 887-888.

[2] The crimes occurred on March 4, 2000, and a Richmond County grand jury returned the indictment on May 16, 2000. A jury found Appellant guilty on July 27, 2001, and the trial court sentenced him to life in prison for both the malice murder and felony murder counts and to five consecutive years for the firearm offense. Appellant filed a motion for new trial on August 24, 2001, which languished in the trial court. New (and current) counsel was appointed to represent Appellant on July 13, 2007. An evidentiary hearing on the motion was held almost two years later, on April 22, 2009. The State filed a post-hearing brief the following month, but Appellant's brief was not filed until October 2011. The trial court denied the motion on November 2, 2011. Appellant then filed a timely notice of appeal, and the case was docketed for the April 2012 term of this Court and submitted for decision on the briefs. The more than decade-long delay in this direct appeal cannot be overlooked. As we have emphasized in other recent cases involving post-trial delay, "it is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay." *Shank v. State*, 290 Ga. 844, 849 (725 SE2d 246) (2012).

Appellant, who was carrying a gun, exit the back door of the house shortly before hearing five or six shots fired outside. Shortly thereafter, the victim was found lying behind the house, where he died from a gunshot wound to the chest. Five .45 caliber cartridge casings were found at the crime scene.

About 3:00 or 4:00 a.m. the following day, March 5, 2000, a deputy sheriff approached Appellant, who was sitting in a pickup truck parked outside a bar in a high drug area in Augusta. Appellant appeared to be trying to hide by slumping down in the driver's seat. When the deputy opened the door and asked Appellant to step out, Appellant dropped his jacket and ran away. He was caught nearby. The deputy found a .45 caliber handgun in or under the front driver's seat and a .380 caliber handgun under the front passenger seat. He also found crack cocaine in the jacket Appellant had dropped.

A firearms expert determined that a bullet recovered from the victim's body and the five .45 caliber casings found at the murder scene had all been fired from the .45 caliber handgun found with Appellant in the truck. One of the witnesses from the drug house testified that the handle of the .45 caliber murder weapon looked like the handle of the gun he saw Appellant carrying just before the shooting.

In a post-arrest statement to law enforcement officers, Appellant said that he knew "there was something on those guns and I'm going to go away for a long time" and that he knew the .45 caliber handgun was the gun that killed the victim. He asked if he was "ever going to see the streets again." Appellant admitted that he, along with others he would not name, met with the victim and the unidentified man behind the drug house, and, although they initially were going to sell the man fake drugs, they decided to rob him instead. Appellant claimed that someone he was with used the .45 caliber gun to rob the man and shoot the victim.

After holding hearings pursuant to Uniform Superior Court Rule 31.3 (B), the trial court allowed the State to introduce evidence of two similar transactions at trial. Dwayne Sumpter testified that on February 14, 2000 (three weeks before the murder), he got into an argument with Appellant's then-girlfriend, who told Appellant. Appellant then approached Sumpter with a gun in his hand. When Sumpter began to run away, Appellant fired numerous times at him, with one bullet grazing Sumpter's calf.

Terrance Barr testified that he, Appellant, and Joseph Parks were all inmates housed on the same floor of the Richmond County Jail on April 3, 2001, when Appellant and Parks attacked him after he interrupted their attempt to steal something from his cell. After the beating, Barr discovered that a blanket had been taken. As a result of

the attack, Barr suffered a collapsed lung, broken ribs, internal bleeding, and a chipped tooth.

Viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient for a rational jury to find Appellant guilty beyond a reasonable doubt of malice murder, felony murder, and possession of a firearm during the commission of a crime. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)); OCGA § 16-2-20 (parties to a crime). However, Appellant's felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 373 (434 SE2d 479) (1993) ("When valid guilty verdicts are returned on both alternative counts of malice and felony murder, the alternative felony murder count is vacated by operation of OCGA § 16-1-7."). Accordingly, we vacate the life sentence imposed on Appellant for the felony murder count. See id. at 372. See also *Willingham*, 279 Ga. at 889 (noting this same error).

2. Appellant contends that the trial court erred in admitting evidence of the similar transaction involving the attack on Terrance Barr. The court ruled that this evidence was admissible to show Appellant's bent of mind and course of conduct, reasoning that it indicated that Appellant attacks people aggressively "in groups and for the purpose of stealing things."

Evidence of a similar transaction may be admitted if the State shows (1) "that the State seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility"; (2) "that there is sufficient evidence to establish that the accused committed the independent offense or act"; and (3) "that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

> This test applies whether the similar transaction occurred before or, as here, after the charged crimes. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. We will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion.

*Whitehead v. State*, 287 Ga. 242, 249 (695 SE2d 255) (2010) (citations and punctuation omitted).

The trial court here acted within its discretion in concluding that these requirements were met. The State introduced the evidence of Appellant's attack on Barr for the purpose of showing his course of conduct and bent of mind, which — at least until next January — is "a legitimate and proper purpose, and is not an infrequent occurrence at trial." *Holloman v. State*, 291 Ga. 338, 342 (729 SE2d 344) (2012).[3] The State also presented sufficient evidence that Appellant committed the attack. And the evidence that Appellant acted violently with another person to steal something from Barr was similar enough to the crime charged — in which Appellant acted violently with another person to steal something — for the trial court to conclude that it should be admitted.

3. Appellant argues that the trial court erred in charging the jury as follows:

> If you find that a person possesses a vehicle, you will be permitted, but not required, to infer that such person is in possession of the entire vehicle and all the property located on or in the vehicle. However, this is a rebuttable inference and may be overcome by evidence in the case that others had access to the vehicle. Whether or not this inference is drawn from proof that a person is the possessor of a vehicle, and whether or not the inference has been overcome by proof that others had access to the vehicle, are questions for the jury alone.

"[A] jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law." *Roper v. State*, 281 Ga. 878, 880 (644 SE2d 120) (2007) (citations and punctuation omitted). The charge at issue properly reflected Georgia law as adjusted to the evidence of Appellant's possession of the vehicle in which the murder weapon was found. See *Brown v. State*, 289 Ga. 259, 261 (710 SE2d 751) (2011) (holding that a charge that the jury "may infer" guilt on a theft by taking offense based on the

---

[3] We note that "course of conduct" and "bent of mind" are not listed among the purposes for introducing similar transaction evidence under the new Georgia Evidence Code, which will take effect on January 1, 2013. See OCGA § 24-4-404 (b) (providing that "[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.").

defendant's recent possession of the stolen vehicle was adjusted to the evidence and properly given); *Payne v. State*, 248 Ga. App. 158, 160-161 (545 SE2d 336) (2001) (upholding the charge, "If you find that a person owns, leases or has control of a vehicle, you will be permitted, but not required, to infer that such person is in possession of that vehicle and all of the property located on or in it. However, this is a rebuttable inference and may be overcome by evidence in this case that others had access to the vehicle."); *Kidd v. State*, 277 Ga. App. 29, 32 (625 SE2d 440) (2005) (same). Accordingly, the trial court did not err in giving the charge. To the extent Appellant contends that the court erred in giving the charge because the doctrine of collateral estoppel precluded the State from relying on his possession of the murder weapon in the truck on March 5, 2000, we address that issue next.

4. Appellant asserts that the trial court erred in admitting evidence of his possession of the .45 caliber handgun — the murder weapon — found in the truck on March 5, 2000. He argues here, as he did at trial, that because the issue of his possession of that gun on March 5 had been resolved against the State through his acquittal at an earlier trial for his possession of the firearm, the doctrine of collateral estoppel barred the State from relitigating that same fact at his murder trial.

In accord with the United States Supreme Court's ruling in *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 25 LE2d 469) (1970), we have held that "the use of evidence of prior crimes which is otherwise admissible is precluded where the state is attempting to relitigate facts resolved in the defendant's favor at the prior trial." *Moore v. State*, 254 Ga. 674, 675 (333 SE2d 605) (1985). However, the party invoking collateral estoppel must introduce the pertinent portions of the record of the prior proceeding that affirmatively demonstrate that the fact at issue was actually litigated and determined in the party's favor in the earlier case. See *Preston v. State*, 257 Ga. 42, 45 (354 SE2d 135) (1987); *Moore*, 254 Ga. at 676 ("While some jurisdictions have adopted a per se rule prohibiting any evidentiary use of independent offenses where an acquittal was obtained, the application of collateral estoppel requires an examination of what facts were in issue and necessarily resolved in the defendant's favor at the first trial." (citation omitted)). See also *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 565 (458 SE2d 826) (1995) (affirming the grant of summary judgment on res judicata grounds where the appellee introduced sufficient certified portions of the record of the prior proceeding, as well as an affidavit, to carry her burden to establish the elements of res judicata); *Higdon v. Boozer*, 252 Ga. 276, 278 (313 SE2d 100) (1984) (holding that to prevail on a collateral estoppel

claim, one must introduce sufficient parts of the prior record to "prove that the contested issues . . . were actually litigated and decided and were necessary to the prior decision").

Here, during his trial on the March 4 charges (the subject of this appeal), Appellant's counsel asserted that Appellant had been acquitted of possession of the .45 caliber gun on March 5 in an earlier trial. However, trial counsel never offered into evidence or even proffered any of the record of the prior trial to support the collateral estoppel claim. Consequently, when the issue was raised at trial, the trial court had no way to " 'examine the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, [to] conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Ashe v. Swenson*, 397 U. S. at 444 (citation omitted). Accordingly, the trial court properly denied Appellant's collateral estoppel claim.[4]

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED OCTOBER 29, 2012 —
RECONSIDERATION DENIED NOVEMBER 19, 2012.

*Barbara B. Claridge*, for appellant.
*Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General, R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[4] Almost eight years after the trial, at the April 2009 hearing on his motion for new trial, Appellant's new (and current) counsel introduced the March 28, 2001, sentencing judgment on the charges related to March 5, 2000, which says that Appellant was found not guilty of the possession of an unidentified firearm during the commission of a crime. Appellant also submitted a certified copy of the Court of Appeals's opinion in *Johnson v. State*, 281 Ga. App. 455 (636 SE2d 178) (2006), which reversed Appellant's conviction for the possession of cocaine on March 5, 2000, on the ground of ineffective assistance of trial counsel. See id. at 458-459. The opinion notes that Appellant was acquitted "of possession of a firearm during the commission of a crime." Id. at 458. That opinion was issued long after the trial in question here and it obviously could not have been submitted at the murder trial in support of Appellant's collateral estoppel claim; no more of the record relating to the prior trial has been included in the record here. We note that Appellant's current counsel did not claim in the motion for new trial that his trial counsel provided ineffective assistance in failing to present the record needed to support the collateral estoppel claim.