**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 11, 2013**

# In the Court of Appeals of Georgia

A13A1380. MARTIN v. THE STATE.                                    DO-051 C

DOYLE, Presiding Judge.

Carlos Martin appeals his conviction of armed robbery[1] and possession of a firearm during the commission of a crime,[2] contending that (1) the evidence was insufficient to support the verdict, (2) the trial court erred by refusing to charge the jury on grave suspicion, and (3) similar transaction evidence was erroneously admitted. Discerning no error, we affirm.

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-11-106 (b) (1). An aggravated assault count was merged, and based on lack of venue, Martin received a directed verdict of not guilty on an obstruction count predicated on conduct during a police chase.

Construed in favor of the verdict,[3] the evidence at trial shows that in September 2008, a Dairy Queen employee noticed an unfamiliar car sitting in the parking lot with its lights on for approximately three hours before she left at 10:00 p.m. closing. Another employee, the assistant manager, was closing for the night, and he was preparing to make the bank deposit of the cash receipts. As he locked the door of the restaurant, two men with faces concealed by clothing ran toward him and ordered him to "give it up"; both of the men were armed with handguns. The manager dropped the bank deposit bag, one gunman picked it up, and then both gunmen fled to the parked car. A second Dairy Queen employee, Catlin Tierce, who was getting a ride home from the manager, was already outside when the robbery happened. Tierce saw both robbers, one with a white cloth concealing his face and one with a black cloth concealing his face, run to the nearby car and get in the front and back passenger-side doors. The car, which already had its brake lights on as the robbers approached, quickly sped away. Tierce called 911, reported the robbery, and described the car.

Deputy Bryland Myers was sitting in his patrol car nearby when he received a radio call reporting the robbery and describing the car and its general location. He drove to a nearby interstate ramp to watch for the vehicle and spotted a car matching

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

the description. Myers caught up to the vehicle and activated his blue lights, at which time the driver fled at a speed of more than 100 miles per hour. Eventually a tire blew on the fleeing vehicle, and it exited the interstate, soon crashing into a tree. All three occupants fled the car on foot. Myers pursued the last suspect, Martin's accomplice, out of the car and eventually apprehended him as he hid amid kudzu in a steep ravine behind a fish market. A police canine unit soon arrived and tracked down a second suspect, Martin, hiding in the kudzu. Police found a Dairy Queen bank deposit slip, later identified by the manager who prepared it, sitting on the front seat, as well as a wallet containing Martin's drivers license and social security card. Police eventually located and arrested the third person in the car.

The three occupants of the car were charged with crimes arising from the robbery and police chase, and following a jury trial, Martin was found guilty of armed robbery, aggravated assault (which merged into armed robbery), and possession of a firearm during a crime. Martin's motion for new trial was denied, and he now appeals.

1. Martin first contends that the evidence was insufficient to support the verdict because it was entirely circumstantial, and the proven facts did not exclude every other reasonable hypothesis save that of his guilt. We disagree.

3

When an appellate court reviews the sufficiency of the evidence,

the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.[4]

Viewed under this standard, the evidence shows that Martin was found by police hiding in kudzu after a high speed chase. Martin was in a car with two men who fit the description of the two men who robbed the Dairy Queen, and the car contained a deposit slip identified by the Dairy Queen worker who filled it out before it was stolen at gunpoint. Further, an eyewitness noticed that during the robbery, the getaway car's brake lights activated just before the fleeing robbers entered the car to escape, thus implicating a third individual driving the car. Martin was substantially shorter than the other two occupants, who were the same height as described by the

---

[4] (Emphasis in original; citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

victim, and Martin admitted to police that he was in the car with the two others and nobody else. This evidence authorized the jury to conclude that Martin drove the car to aid in the escape after the other two men robbed the Dairy Queen manager. "Whether the evidence excluded every other reasonable hypothesis but that of guilt is a question for the jury. We will not disturb the jury's verdict unless it is insupportable as a matter of law."[5] Accordingly, this enumeration provides no basis for reversal.

2. Martin also argues that the trial court erred by failing to give his requested jury charge on grave suspicion. Nevertheless, as outlined above, "[t]he evidence at trial . . . raised more than a grave suspicion of his guilt. Furthermore, the trial court gave complete instructions on reasonable doubt and presumption of innocence. Thus, the trial court did not err in refusing to give the requested charge."[6]

---

[5] (Punctuation omitted.) *Simmons v. State*, 291 Ga. 705 (1) (733 SE2d 280) (2012).

[6] (Citation omitted.) *Jenkins v. State*, 281 Ga. 24, 25 (2) (635 SE2d 714) (2006). See also *Jones v. State*, 318 Ga. App. 105, 109 (5) (733 SE2d 407) (2012) ("Because the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the charge as a whole covered the principles of law embodied in the "[grave] suspicion" charge. The trial court, therefore, did not abuse its discretion in denying [Martin's] request for the charge.") (punctuation omitted).

3. Finally, Martin contends that the trial court erred by admitting evidence of a similar transaction showing that he was involved in a prior armed robbery of a Domino's Pizza restaurant. Specifically, he argues that the Domino's robbery was not sufficiently similar to make it admissible in the present case.

> Evidence of a similar transaction may be admitted if the State shows (1) that the State seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) that there is sufficient evidence to establish that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter . . . When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. We will uphold the trial court's decision to admit a similar transaction unless it is an abuse of discretion.[7]

Here, the Domino's robbery occurred late at night when a Domino's employee had just closed the restaurant, and two men ran at her with their faces concealed by

---

[7] (Punctuation and citation omitted.) *Johnson v. State*, 292 Ga. 22, 24 (2) (733 SE2d 736) (2012), quoting *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

t-shirts and one armed with a handgun. The robbers demanded money, but the restaurant money had been deposited in a safe, so they grabbed the employee's purse and keys. After the two men fled, the employee called police, who were able to apprehend them shortly thereafter. The employee's belongings were recovered, and the employee identified Martin as one of the robbers, both to police at the time and later in court in the instant case.

Based on these facts, we discern no abuse of discretion. The State introduced the evidence of the Domino's robbery to show Martin's intent and his modus operandi or course of conduct, which were legitimate purposes at the time of trial.[8] The State presented sufficient evidence that Martin committed the Domino's robbery, which involved robbing a restaurant night manager at closing time while concealing his face with clothing. That robbery was similar enough to the facts of this case for

---

[8] See *Holloman v. State*, 291 Ga. 338, 343 (6) (729 SE2d 344) (2012). "We note that for trials conducted after January 1, 2013, the new evidence code permits the admission of similar-transaction evidence for the purpose of proving [inter alia] 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,' but no longer for the purpose of proving 'course of conduct' or 'bent of mind.' OCGA § 24-4-404 (b)." (Punctuation omitted.) *Betancourt v. State*, ___ Ga. App. ___ (3) n.15 (744 SE2d 419) (2013), citing *Harvey v. State*, 292 Ga. App. 792, 793 (2) (741 SE2d 625) (2013). This case was tried in 2009.

the trial court to conclude that was admissible as a similar transaction.[9] Accordingly, this enumeration fails.

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[9] See *Johnson*, 292 Ga. at 25 (2) ("[E]vidence that Appellant acted violently with another person to steal something from [a prior victim] was similar enough to the crime charged — in which Appellant acted violently with another person to steal something — for the trial court to conclude that it should be admitted.").