## A07A0383. LAMB v. THE STATE.
### (639 SE2d 641)

BLACKBURN, Presiding Judge.

Ronnie Lamb, Jr., appeals his conviction for trafficking between 28 grams and 200 grams of cocaine,[1] contending that his guilty plea was not freely, intelligently, and voluntarily entered because his initial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

The record shows that in March 2005, Lamb was indicted on charges of trafficking cocaine, possession with intent to distribute cocaine within 1,000 feet of a housing project, possession with intent

---

[6] *Brown v. State*, 259 Ga. App. 576, 578 (578 SE2d 188) (2003).

[7] *Reese v. State*, 242 Ga. App. 204, 205 (529 SE2d 196) (2000).

[1] OCGA § 16-13-31 (a) (1) (A).

to distribute MDMA[2] within 1,000 feet of a housing project, possession with intent to distribute MDMA, possession with intent to distribute marijuana, possession with intent to distribute marijuana within 1,000 feet of a housing project, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Prior to his scheduled trial date, Lamb requested new counsel, and the public defender who had been representing Lamb withdrew. Lamb's previous demand for a speedy trial was withdrawn, and shortly thereafter, his current counsel was retained.

In April 2006, Lamb's current counsel filed a motion to suppress illegally seized evidence. However, while the motion was still pending, Lamb agreed to plead guilty to one count of trafficking cocaine. At the plea hearing, the trial court determined on the record that Lamb, with the assistance of his current counsel, understood the nature of the charge, that he understood the rights he was waiving by pleading guilty, that he understood the terms of the plea agreement, and that he was entering his plea freely and voluntarily. In addition, the trial court determined that Lamb had not been coerced or threatened into entering his plea, and that there was a factual basis for the plea. Consequently, the trial court accepted Lamb's guilty plea to trafficking cocaine and sentenced him to ten years imprisonment.

Lamb now appeals his conviction, arguing that his guilty plea was not freely, intelligently, and voluntarily entered because his initial counsel rendered ineffective assistance. Specifically, Lamb contends that his initial counsel's failure to file a motion to suppress illegally seized evidence constituted ineffective assistance, which in turn prejudiced his defense and forced him into pleading guilty when he otherwise would not have done so. This contention is without merit.

Although a criminal defendant has an absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial, Lamb's judgment and sentence were entered after he pled guilty. *Campbell v. State.*[3] "A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." (Punctuation omitted.) *Smith v. State.*[4] Furthermore, "[w]hen a defendant appeals from a guilty plea on the

---

[2] MDMA is an abbreviation for 3, 4-methylenedioxymethamphetamine and is commonly known as "ecstasy." See OCGA § 16-13-25 (3) (Z).

[3] *Campbell v. State*, 240 Ga. App. 218 (1) (522 SE2d 277) (1999).

[4] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

grounds of ineffective assistance of trial counsel, the issues which he seeks to raise on appeal can be developed only in the context of a post-plea hearing." (Punctuation omitted.) *Coleman v. State.*[5] Thus, "such a defendant may not file a direct appeal where the only evidence of record is a transcript of the guilty plea hearing. Rather, the defendant's proper remedy is to file a motion to withdraw his guilty plea, develop the record regarding his claim of ineffectiveness, and then appeal a denial of that motion." Id.

Here, Lamb contests the effectiveness of his initial trial counsel, which he claims led to a guilty plea that was not made freely and voluntarily. However, Lamb has not filed a motion to withdraw his guilty plea raising ineffective assistance as an issue, and the only evidence in the record is the transcript of his guilty plea hearing, at which he was being assisted by current counsel. Accordingly, Lamb cannot raise ineffective assistance of counsel in this direct appeal of his conviction. See *Coleman,* supra, 278 Ga. at 494 (2); *Caine v. State;*[6] *Obi v. State.*[7] "Moreover, the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered." *Broadwell v. State.*[8] Therefore, "[Lamb's] only available remedy is habeas corpus." *Morrow v. State.*[9]

Finally, even if the issue were properly before us on the basis of the existing record, Lamb's claim of ineffective assistance of counsel is without merit. In contesting the validity of a guilty plea on the grounds of ineffective assistance of counsel, "the defendant bears the burden of showing that, had it not been for his attorney's deficient representation, a reasonable probability exists that he would have insisted on a trial." *Zellmer v. State.*[10] See *Obi,* supra, 229 Ga. App. at 96 (2). Here, Lamb asserts that the public defender initially assigned to represent him performed deficiently by failing to file a motion to suppress illegally seized evidence, and that this deficient performance prejudiced his defense to the extent that he was forced into tendering a guilty plea that was not freely and voluntarily made. This assertion, however, is belied by the fact that Lamb's current counsel did indeed file a motion to suppress, and yet Lamb nevertheless chose to enter his guilty plea while that motion was still pending. Accordingly, the evidence of record does not show that there is a reasonable

---

[5] *Coleman v. State,* 278 Ga. 493, 494 (2) (604 SE2d 157) (2004).

[6] *Caine v. State,* 266 Ga. 421, 422 (467 SE2d 570) (1996).

[7] *Obi v. State,* 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997).

[8] *Broadwell v. State,* 224 Ga. App. 193, 194 (3) (480 SE2d 215) (1996).

[9] *Morrow v. State,* 266 Ga. 3, 4 (463 SE2d 472) (1995).

[10] *Zellmer v. State,* 273 Ga. App. 609 (1) (615 SE2d 654) (2005).

probability that Lamb would have insisted on going to trial but for his initial counsel's failure to file a motion to suppress. See *Obi*, supra, 229 Ga. App. at 97 (2).

*Judgment affirmed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED DECEMBER 7, 2006.

*Terry L. Schwock*, for appellant.

*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.