**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**December 21, 2012**

# In the Court of Appeals of Georgia

A12A2138. KENNEDY v. THE STATE.

ADAMS, Judge.

Juan Kennedy entered a negotiated guilty plea to various offenses,[1] and then timely filed a pro se direct appeal from the judgment of conviction and sentence entered on the plea. We now affirm.

Before our consideration of Kennedy's claims, it is necessary to first examine the State's motion to dismiss this appeal, in which it argues that there is nothing for this Court to consider in this case because Kennedy did not file and obtain a ruling on a motion to withdraw his plea, a petition for habeas corpus or a plea in arrest of judgment. It is true that a criminal defendant does not have an unqualified right to file

---

[1] Kennedy was charged with possession of marijuana with intent to distribute, possession of marijuana, crossing a guard line with drugs, furnishing prohibited items to inmates, and illegal use of a communication facility.

a direct appeal from a judgment of conviction and sentence entered on a guilty plea; however, "[w]here the question on appeal is one which may be resolved by facts appearing in the record, a direct appeal [will] lie." *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). E.g., *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996) (emphasizing that the right to directly appeal from a guilty plea is not an unqualified right). "Thus, the merits of [Kennedy's] appeal can be addressed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). And "[i]n reviewing a direct appeal from a guilty plea, this Court must evaluate the enumerated errors based solely on 'the trial court record, including the record of the guilty plea and sentencing as well as any subsequent evidence that was properly presented to the reviewing court, assuming all of that is also properly included in the record on appeal." *Tyner v. State*, 289 Ga. 592, 593-594 (2) (714 SE2d 577) (2011).

Following this mandate, our starting point is to consider Kennedy's specific claims of error on appeal.

1. In his first two enumerations of error, Kennedy contends his fourth amendment rights were violated by an illegal stop and search. However, Kennedy

waived the right to challenge the stop and search by pleading guilty. See *Burns v. State*, 291 Ga. 547, 548 (1) (c) (731 SE2d 681) (2012). "Once a defendant has solemnly admitted in open court that he is in fact guilty of the offense charged, he may not thereafter raise independent claims alleging the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. With a few limited exceptions, a plea of guilty generally waives all defenses except that based on the knowing and voluntary nature of the plea." (Footnotes omitted.) *Harwood v. State*, 303 Ga. App. 23, 24-25 (692 SE2d 665) (2010).

2. Kennedy also argues his plea counsel was ineffective in various ways, including his failure to pursue a motion to suppress after the trial court gave Kennedy ten days in which to file his motion. However, the instances of alleged ineffectiveness that Kennedy raises on appeal cannot be resolved solely by facts in the record before us, but rather would require an evidentiary hearing. Thus, Kennedy's proper remedy was to file a motion to withdraw his guilty plea, develop the record, and then appeal a denial of that motion. *Coleman v. State*, 278 Ga. 493, 494 (2) (604 SE2d 157) (2004); *Lamb v. State*, 282 Ga. App. 756, 757-758 (639 SE2d 641) (2006). Having

3

failed to take those steps,[2] and because "the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered[,] . . . [Kennedy's] only available remedy [as to these claims] is habeas corpus." (Citation and punctuation omitted.) Id. at 758. *Brown v. State*, 290 Ga. 321, 322 (5) (720 SE2d 617) (2012) (issue of ineffectiveness cannot be decided on facts appearing in the record; thus remedy is to file habeas petition).

3. Lastly, Kennedy contends that his due process rights were trampled when the trial court "browbeat" him into pleading guilty. The transcript from the guilty plea hearing discloses that Kennedy was faced with a choice between accepting the negotiated plea offer or foregoing his opportunity to plead guilty so he could file his motion to suppress. Although this was not the option Kennedy wanted,[3] the transcript

---

[2] Although Kennedy argues in his response to the State's motion to dismiss that he did raise the issue of counsel's effectiveness prior to filing his appeal but that the trial court took no action on this issue, the record shows that Kennedy's motion for appointment of new counsel did not ask that his plea be set aside because of plea counsel's ineffectiveness, but instead requested that new counsel be appointed because he believed his prior counsel was too busy to handle his direct appeal, which he referenced in his request.

[3] Kennedy requested that he be allowed to enter a "conditional" plea, pending the outcome of his motion to suppress, or that the plea hearing be delayed until such motion was decided.

does not disclose that the trial court coerced him into entering his guilty plea. Further, because Kennedy did not file a motion to withdraw his plea and there was no post plea hearing in which the merits of an ineffectiveness claim, including his contention that counsel should have filed a motion to suppress,[4] were tested, we cannot assume that a motion to suppress might have succeeded in this case.

Based on the foregoing, the State's motion to dismiss is denied, and the judgment is affirmed.

*Judgment affirmed. Barnes, P. J., and McFadden, J., concur.*

---

[4] As our Supreme Court has cautioned: "[a]lthough a defendant who hopes to appeal successfully from a guilty plea is not required to first file a motion to withdraw the plea, the possibility of expanding the record on which the appeal will be reviewed, and doing so with the assistance of appointed counsel if indigent, should create a strong incentive for defendants to do so. A motion to withdraw the plea also permits the trial court to consider and correct any defects in the guilty plea in the first instance. *Smith v. State*, 287 Ga. 391, 403 n.7 (697 SE2d 177) (2010).