In the Supreme Court of Georgia

Decided: January 20, 2015

S14A1706. ALLEN v. THE STATE.

MELTON, Justice.

On October 27, 1997, Thomas Isaac Allen entered a guilty plea to the charges of murder, armed robbery, aggravated assault, and burglary, and he was sentenced to life imprisonment without parole. Since that time, Allen has filed a number of motions. On November 21, 2000, Allen filed a motion to withdraw his plea, which the trial court denied on February 20, 2001. Approximately one year later, Allen filed an extraordinary motion for new trial, and that motion was denied on March 11, 2002. Then, on July 20, 2005, Allen filed a motion for an out-of-time appeal and appointment of counsel. These motions were denied on October 6, 2005, and, like all of the former motions, they were never appealed. On December 20, 2013, Allen filed a motion for an out-of-time direct appeal and another request for appointment of counsel. On March 4, 2014, the trial court denied both motions, finding that Allen had no unqualified right to a direct

appeal, Kennedy v. State, 319 Ga. App. 498 (735 SE2d 819) (2012), and that the claims of ineffective assistance of counsel he wished to raise could not be resolved solely by facts in the record. Id. On May 12, 2014, the trial court granted Allen's motion for an out-of-time appeal of the March 4th order denying his request for an out-of-time direct appeal.

Allen, acting pro se, subsequently appealed to this Court, and he filed a document designated as his brief which contains ten bare enumerations of error, the majority of which do not directly relate to the specific ruling of the trial court subject to appeal. Allen, however, has failed to provide this Court with any arguments or citation of authority to support his contentions, whether in his brief or any subsequent filing. As a result, Allen must be considered to have abandoned his enumerations of error. See Ruffin v. State, 283 Ga. 87, 89 (11) (656 SE2d 140) (2008).

Judgment affirmed. All the Justices concur.