**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 15, 2015**

# In the Court of Appeals of Georgia

A15A0748. JONES v. THE STATE.

ANDREWS, Presiding Judge.

On the eve of trial, Jeffery Bernard Jones pled guilty in the Superior Court of Grady County to two counts of sale of cocaine (OCGA § 16-13-30 (b)).[1] Thereafter, Jones filed a notice of appeal to this Court. Jones alleges that he was "never provided an opportunity for the trial court to make a determination on whether he was informed about the ramifications of a guilty plea" and that his guilty plea was not knowingly

---

[1] Jones was also charged with a third count of sale of cocaine, two counts of sale of cocaine within 1,000 feet of a housing project (OCGA § 16-13-32.5 (b)), and two counts of sale of cocaine near schools (OCGA § 16-13-32.4 (a)). These charges were disposed of by nolle prosequi in exchange for Jones' guilty pleas to the two remaining counts of sale of cocaine. The trial court, noting that Jones' guilty plea was negotiated, sentenced Jones on Count 1 (sale of cocaine) to 30 years, with the first 20 years to be served in confinement followed by 10 years probation. The trial court entered the same sentence on Count 4 (sale of cocaine) to run concurrently with the sentence in Count 1.

and voluntarily entered because he was under the influence of marijuana at his guilty plea hearing.[2] Finding no error, we affirm.

As a threshold matter, we note that Jones' prior counsel timely filed a notice of appeal following the entry of Jones' sentence. Present counsel then entered an appearance some five months later. Irrespective of this change in counsel, Georgia law is clear that "a criminal defendant does not have an unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea;

---

[2] In his statement of jurisdiction, Jones claims, somewhat confusingly, that the present appeal "is an action for an appeal or habeas corpus relief" and that his guilty plea resulted from "incompetent representation by his trial counsel." In the case of the former, habeas corpus relief is not available in this Court. See OCGA §§ 9-14-41 (Title 9, Article 2 is "exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record"); 9-14-43 (petition for writ of habeas corpus "must be filed in the superior court of the county in which the petitioner is being detained"). With regard to Jones' statement apparently concerning ineffective assistance of trial counsel, we note that Jones filed no enumeration of error on that issue. Therefore, to the extent Jones sought to raise a claim of ineffective assistance of trial counsel, we do not consider it. See OCGA § 5-6-40; *Smith v. State*, 186 Ga. App. 303, 308 (3) (367 SE2d 573) (1988) ("We have no jurisdiction to consider grounds which, though argued are not enumerated") (punctuation omitted); *Sanders v. Hughes*, 183 Ga. App. 601, 604 (4) (359 SE2d 396) (1987) (same); *Neal v. State*, 160 Ga. App. 834, 836 (1) (288 SE2d 241) (1982) (enumeration of error cannot be enlarged by argument in brief to include issues not made in the enumeration). As a result, Jones' remaining remedy is a petition for habeas corpus. *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995); *Kennedy v. State*, 319 Ga. App. 498, 500 (2) (735 SE2d 819) (2012); *Lamb v. State*, 282 Ga. App. 756, 758 (639 SE2d 641) (2006).

however, where the question on appeal is one which may be resolved by facts appearing in the record, a direct appeal will lie." (Internal punctuation omitted.) *Kennedy v. State*, 319 Ga. App. 498 (735 SE2d 819) (2012). See also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996); *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). As a result, "the merits of [Jones'] appeal can be addressed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." *Kennedy*, 319 Ga. App. at 498-499 (citing *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996)). And

> in reviewing a direct appeal from a guilty plea, this Court must evaluate the enumerated errors based solely on the trial court record, including the record of the guilty plea and sentencing as well as any subsequent evidence that was properly presented to the reviewing court, assuming all of that is also properly included in the record on appeal.

(Punctuation omitted.) *Kennedy*, 319 Ga. App. at 499 (citing *Tyner v. State*, 289 Ga. 592, 593-594 (2) (714 SE2d 577) (2011)). We therefore look to the issues raised in Jones' brief and whether those issues may be resolved by the record on appeal.

1. Boiled down to its essence, Jones' first argument appears to be that he did not make an informed decision about his guilty plea because he was told that "the plea deal would be a straight ten year sentence, but was given a different plea deal

with a forty (40) year sentence." Jones attributes this alleged misunderstanding to unspecified "illegitimate actions" of his prior counsel. Also included in this enumeration is Jones' allegation that he was under the influence of marijuana at the time of the plea hearing and that, as a result, his plea was not knowingly and voluntarily entered. For the reasons explained in footnote 2, supra, we need not reach any allegation of ineffective assistance of counsel. See OCGA § 5-6-40; *Smith*, 186 Ga. App. at 308 (3); *Sanders*, 183 Ga. App. at 604 (4). See also *Kennedy*, 319 Ga. App. at 499 (2). For similar reasons, we do not reach Jones' remaining arguments.

(a) *Sentence.* Jones first alleges that his guilty plea was not informed because he thought "the plea deal would be a straight ten year sentence, but was given a different plea deal with a forty (40) year sentence." To support this allegation, Jones refers to non-enumerated "illegitimate actions" by his prior counsel. The record reveals that Jones entered a negotiated plea of guilty and that his sentences for the two counts of sale of cocaine are to be served concurrently. The effect of his sentence, then, is that Jones was sentenced to serve 20 years in confinement, not 40 as alleged in his brief. Furthermore, the trial court discussed the nature of the plea negotiations with Jones, who stated that he understood the terms of the plea. Nevertheless, even assuming that Jones refers to prior counsel negotiating an earlier plea bargain with

4

the State that differed from the plea he accepted, see *Cruz v. State*, 315 Ga. App. 843, 845 (1) (729 SE2d 9) (2012), this allegation cannot be evaluated in a direct appeal from a guilty plea absent an evidentiary hearing. See *Smith*, 266 Ga. at 687; *Smith*, 253 Ga. at 169; *Kennedy*, 319 Ga. App. at 498.

(b) *Intoxication.* Jones next argues that his plea was not knowingly and voluntarily entered because he was under the influence of marijuana during the plea hearing. However, "[i]ssues of mental competency cannot be resolved with reference only to facts appearing in the record of the plea and sentence." *Gray v. State*, 273 Ga. App. 441, 442 (1) (a) (615 SE2d 248) (2005). It follows that Jones' claim of intoxication is not an issue which may be pursued by direct appeal from a guilty plea. See *Smith*, 266 Ga. at 687; *Smith*, 253 Ga. at 169; *Kennedy*, 319 Ga. App. at 498.

2. Second, Jones contends that his guilty plea was not "free and voluntary" because it was "rushed" and because he was misled concerning the nature of his sentence.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was

5

waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

*Zellmer v. State*, 273 Ga. App. 609, 611 (2) (615 SE2d 654) (2005). It is well settled that the proper entry of a guilty plea "involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived." *State v. Cooper*, 281 Ga. 63, 64 (1) (636 SE2d 493) (2006).

Here, the record includes a transcript of the guilty plea hearing as well as a written plea waiver form. In both, Jones confirmed that he was aware of his rights to a trial by jury and to confront his accusers as well as the privilege against self-incrimination, and that he would waive those rights by entering a plea of guilty. Moreover, Jones affirmed that he had "enough time to confer . . . with [his] lawyer about this case" and that he had sufficient time "to subpoena witnesses if [he] desired them." Finally, Jones stated that he had discussed his case with his counsel; discussed the indictment with his counsel; and reviewed the evidence with his counsel. As a result, the trial court found that Jones' plea was freely, voluntarily, and knowingly

entered. We have already concluded in Division 1 (a), supra, that Jones' allegation of error concerning the length of his sentence may not be addressed in a direct appeal. As to Jones' claim that he was "rushed," the transcript reveals that the trial court specifically asked Jones whether he had sufficient time to discuss his case with his counsel, and Jones replied that he had. Accordingly, any feeling of being "rushed" that Jones experienced "was due to the circumstances in which he found himself." *Zellmer*, 273 Ga. App. at 612.

*Judgment affirmed. Miller and Branch, JJ., concur.*