### S16A0754. KELLY v. THE STATE.
(791 SE2d 815)

THOMPSON, Chief Justice.

Appellant Osceola Kelly was found guilty by a jury of numerous offenses, including murder, and his conviction was affirmed on appeal. See *Kelly v. State*, 267 Ga. 252 (477 SE2d 110) (1996). On January 15, 2013, appellant filed a pro se motion for sentence modification in the trial court which was denied by order entered February 26, 2013. Thereafter, on April 25, 2013, appellant filed a Motion for Disqualification and/or Recusal of Judge, seeking removal of the judge who denied his sentence modification motion claiming, as grounds for relief, that (1) he did not receive a copy of the February 26, 2013 order denying his motion, and (2) the order did not address all of the issues he had raised. The trial court entered an order denying appellant's motion to disqualify and recuse on May 31, 2013, finding appellant

failed to satisfy three necessary preconditions for recusal in that he (1) "admit[ted] he received records of the [February 26, 2013] denial order on February 29 [sic], 2013," and thus failed to file his recusal motion within five days of learning of the alleged grounds for disqualification as required by Uniform Superior Court Rule (USCR) 25.1; (2) failed to include an affidavit clearly stating the facts and reasons for his belief that bias or prejudice existed, see USCR 25.2; and (3) failed to show, or even allege, that the complained-of bias stemmed from an extrajudicial source, see USCR 25.2.

Appellant timely filed a notice of appeal on June 24, 2013 directed to the Court of Appeals seeking review of the trial court's May 31, 2013 order. The Court of Appeals properly transferred the appeal to this Court where it was docketed on January 21, 2016. After requesting and receiving an extension of time in which to file his brief, appellant filed a "Brief of Appellant" in which he failed to enumerate any errors or brief any issues related to the trial court's May 31, 2013 order denying recusal. Instead, appellant briefed issues related to a separate appeal he had pending before this Court.[1] Despite admitting being informed by this Court's Clerk's office that he had enumerated errors and briefed issues unrelated to the instant appeal, appellant failed and/or refused to correct his mistake.[2] As a result, this Court must deem the instant appeal abandoned. See Supreme Court Rule 22. See also *Allen v. State*, 296 Ga. 428, 428 (768 SE2d 445) (2015); *Ruffin v. State*, 283 Ga. 87 (11) (656 SE2d 140) (2008). Moreover, a review of the record supports the trial court's determination that appellant's motion to disqualify and/or recuse failed to meet the threshold requirements for establishing a legally sufficient motion to recuse. See *Henderson v. State*, 295 Ga. 333 (1) (759 SE2d 827) (2014).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

Osceola Kelly, *pro se.*

---

[1] On January 4, 2016, appellant filed a timely notice of appeal directed to this Court appealing an order entered December 8, 2015, in which the same trial judge denied a Motion to Set Aside Illegal Sentence which appellant had filed on October 2, 2015. That appeal was docketed in this Court as Case No. S16A1653.

[2] Appellant admits that on June 30, 2016, he was notified by the Clerk of this Court that the instant appeal stemmed from his June 24, 2013 notice of appeal and not his January 4, 2016 notice of appeal. Rather than brief the issues related to the May 31, 2013 order on appeal, appellant instead filed a "Motion to Clarify Record for Appeal Purposes" in the instant appeal on July 5, 2016, asking the Court to order the Clerk's office to re-docket his January 4, 2016 notice of appeal as part of the instant appeal. Not only is there no basis for such a request, but the appeal in Case No. S16A1653 was shortly thereafter dismissed by order of this Court entered July 18, 2016. Accordingly, appellant's "Motion to Clarify Record for Appeal Purposes" is denied.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.