**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 10, 2016**

# In the Court of Appeals of Georgia

A16A1118. FRAZIER v. THE STATE

MILLER, Presiding Judge.

Christopher Frazier was convicted by a jury of aggravated assault (OCGA § 16-5-21); armed robbery (OCGA § 16-8-41); hijacking a motor vehicle (OCGA § 16-5-44.1); theft by receiving stolen property (OCGA § 16-8-7); and criminal damage to property (OCGA § 16-7-23). During the trial, he also pled guilty to fleeing or attempting to elude a law enforcement officer (OCGA § 40-6-395 (a)); financial transaction card theft (OCGA § 16-9-31); and possession of a firearm during the commission of a felony (OCGA § 16-11-106). The trial court denied his motion for a new trial, and this appeal followed.[1] On appeal, Frazier argues that (1) his

---

[1] We note that the motion for a new trial was filed ten years after Frazier's convictions. Counsel explains that the delay resulted from the fact that the records and transcripts were lost, the former court reporter retired, and previous appellate

convictions for hijacking a motor vehicle, armed robbery, and theft by receiving stolen property are mutually exclusive; (2) the evidence was insufficient to support his conviction for theft by receiving stolen property; (3) trial counsel was constitutionally deficient for failing to object to the prosecutor's comments on his right to silence; and (4) trial counsel was deficient for advising him to plead guilty to the fleeing or attempting to elude offense because there was insufficient evidence to support his conviction on this charge. After a thorough review of the record, we reverse Frazier's convictions for hijacking a motor vehicle and theft by receiving, and we remand for a new trial on these charges. We also reverse Frazier's conviction for fleeing and eluding because trial counsel was constitutionally deficient for advising him to plead guilty where the evidence was insufficient to support that charge. We affirm the convictions for aggravated assault, armed robbery, criminal damage to property, financial transaction card theft, and possession of a firearm during the commission of a felony.

---

counsel moved out of town. We take this opportunity to remind the parties that it is the responsibility of those in the criminal justice system to ensure that records are properly maintained and that the pursuit of a defendant's rights is not subject to an unnecessary and unreasonable delay.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict.

(Citations omitted.) *Wallace v. State*, 294 Ga. App. 159 (1) (669 SE2d 400) (2008).

So viewed, the evidence[2] shows that around midnight on February 28, 2005, the victim drove to a strip mall to the cleaners she and her husband owned. As she left her car to walk into the store, she noticed two young black men. As she returned to her car a few minutes later, the two men approached her, pointed guns at her, and demanded her keys. The men were wearing sunglasses, and one of them wore red pants. Although she gave the men her keys, one of them struck her in the head twice with his gun. The victim fell to the ground, bleeding, and the two men drove away in her Nissan Xterra with her purse, identification, checkbook, cash, and credit cards. The victim called her husband and the police.

---

[2] Frazier and co-defendant Jay Bradford were tried jointly. The third person involved, Raphael Ratliff, pled guilty and testified against Bradford and Frazier at trial.

The police issued a "be on the look out" for the Nissan Xterra, and an officer spotted the car about 40 minutes after the robbery. The officer, who was in a marked police car, followed the Xterra, but did not activate his blue lights. Nevertheless, the driver of the Xterra began to speed up, forcing the officer to quickly accelerate to 70 miles per hour to keep up. The car eventually stopped, and three men exited the car. The driver, who was wearing red pants and was later identified as Raphael Ratliff, ran. The other two men, later identified as Frazier and Jay Bradford, walked around the side of a building, where they hid their weapons. When Frazier and Bradford returned, the officer instructed them to get on the ground, and they complied.

The officer took Frazier and Bradford into custody and conducted a pat-down search. In Frazier's pocket, the officer found bullets and the victim's credit card. A subsequent search of the Xterra uncovered sunglasses in the center console, a .38 pistol, and the contents of the victim's purse. Police later searched the area around the building and found two other firearms. Police also captured Ratliff. Police notified the victim that her car had been found and asked her to identify Frazier and Bradford as the men in the car. The victim was apparently not able to identify Frazier at the scene, although she testified at trial that Frazier was one of the two men.

All three men were transported to the police station, where they were given their *Miranda* rights and made statements. Frazier stated that his girlfriend had driven him to the strip mall, that Bradford and Ratliff told him they had gotten the Xterra from a Korean woman, and that he knew the car was stolen when he got in it.

At trial, after the state rested its case-in-chief, defense counsel moved for acquittal on the fleeing and eluding charge.[3] Nevertheless, after the close of all the evidence, Frazier entered a guilty plea to the fleeing and eluding charge, along with the charges for financial card theft and possession of a firearm during a felony.

Ratliff testified in Frazier's defense, asserting that he and Bradford committed the robbery and carjacking, and that Frazier was not involved. Frazier also testified in his own defense, explaining the events that night and denying that he was involved in the robbery. He also denied making any statements to police about the crimes. The jury convicted Frazier of aggravated assault, armed robbery, hijacking a motor vehicle, theft by receiving, and criminal damage to property, but it acquitted him of the battery charge,

---

[3] The record does not reflect whether the trial court ruled on the motion, as Frazier entered his plea to this charge before the conclusion of the trial.

1. Frazier first argues that his convictions for hijacking a motor vehicle, armed robbery, and theft by receiving are mutually exclusive because they are all based on taking the same vehicle. We agree that the hijacking and theft by receiving convictions are mutually exclusive, but conclude that the armed robbery conviction is not.

> [V]erdicts are mutually exclusive where it is legally and logically impossible to convict the accused of both counts[.]. . . [W]here verdicts are mutually exclusive, reversal of both verdicts is required because it would be insufficient for an appellate court merely to set aside the lesser verdict, because to do so is to speculate about what the jury might have done if properly instructed, and to usurp the functions of both the jury and trial court.

(Citations, punctuation, and footnote omitted.) *State v. Springer*, 297 Ga. 376, 378 (1) (774 SE2d 106) (2015).

Here, Frazier was convicted of armed robbery, for stealing the victim's car keys by use of a handgun; hijacking a motor vehicle, for taking the victim's car by force and violence; and theft by receiving stolen property, for retaining the car that he should have known was stolen.

(a) Hijacking and theft by receiving

Frazier's convictions for hijacking the car and theft by receiving the same stolen property are mutually exclusive. It is clear that Frazier could not be convicted of both taking and receiving the stolen property because one cannot receive stolen property unless it is first taken by someone else. *Thomas v. State*, 261 Ga. 854, 855 (1) (413 SE2d 196) (1992); see also *Ingram v. State*, 268 Ga. App. 149, 153 (5) (601 SE2d 736) (2004) (theft by taking and theft by retaining stolen property are mutually exclusive). In *Thomas*, supra, 261 Ga. at 855 (1), the Supreme Court of Georgia expressly declined to address the question of whether *stealing* and *retaining* stolen property were mutually exclusive. Id. at 855 (1), n.1 (expressing no opinion as to whether armed robbery and theft by retaining stolen property would be mutually exclusive). We must now answer that precise question.

We decline to adopt the standard suggested by the State – that Frazier was involved in the hijacking and then later retained the car when he got back into it. Based on the Supreme Court of Georgia's analysis in *Thomas*, and this Court's precedent in *Ingram*, we conclude that Frazier could not be convicted of retaining property he had already stolen. Accordingly, Frazier's convictions for hijacking a motor vehicle and theft by receiving that same car are mutually exclusive.

(b) Armed robbery of the car keys and theft by receiving or hijacking the car

7

Although we conclude that hijacking and theft by receiving are mutually exclusive, the same cannot be said of armed robbery and hijacking or armed robbery and theft by receiving. We note that, in this circumstance, stealing the car keys essentially amounted to stealing the car itself because the perpetrators used the keys to hijack the car. Nevertheless, the armed robbery charge and the hijacking charge each involved a separate element as charged – the theft of different property.[4] Thus, it was not logically or legally impossible to convict Frazier of stealing both the keys and the car. *Springer*, supra, 297 Ga. at 378 (1). Moreover, it was not logically or legally impossible to convict Frazier of stealing the keys and receiving the victim's stolen car. Id. Therefore, Frazier's armed robbery conviction is not mutually exclusive with either his hijacking or his theft by receiving conviction. Accordingly, we affirm Frazier's conviction for armed robbery.[5]

---

[4] Although we conclude that the offenses are not mutually exclusive, we note that this case underscores the importance of drafting a proper indictment. Had the State charged Frazier with hijacking the car and armed robbery of, for example, the victim's purse, there would be no confusion over the convictions.

[5] We note that there could be a question of merger for sentencing purposes once Frazier is retried on the hijacking and theft-by-receiving counts. See *Ingram v. State*, 279 Ga. 132, 133 (2) (610 SE2d 21) (2005) (offenses that are "part of a continuous criminal act, committed at the same time and place and inspired by the same criminal intent" merge).

(c) Frazier's convictions for hijacking a motor vehicle and theft by receiving stolen property must be reversed and the case remanded for a new trial on these charges. *Thomas*, supra, 261 Ga. at 855 (1); *Ingram*, supra, 268 Ga. App. at 153 (5); *Camsler*, supra, 211 Ga. App. at 826. Nevertheless, the evidence cited above was sufficient to convict Frazier of hijacking (OCGA § 16-5-44.1 (b)). Moreover, as discussed below, the evidence was sufficient to convict Frazier of theft by receiving stolen property (OCGA § 16-8-7). Accordingly, the State may retry Frazier on these charges. *Melton v. State*, 282 Ga. App. 685, 694 (2) (d) (639 SE2d 411) (2006).

2. Frazier next argues that the evidence was insufficient to convict him of theft by receiving stolen property because he had no control over the vehicle and was merely a passenger in the car. We disagree.

> OCGA § 16-8-7 (a) provides: A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner.

*Harris v. State*, 247 Ga. App. 41, 42 (543 SE2d 75) (2000). Importantly,

> Riding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing, or there exists some evidence,

9

either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission.

(Punctuation omitted.) Id. Moreover, "for an appellate court to overturn a conviction for theft by receiving on the grounds urged by [Frazier], there must be direct and uncontested evidence, as opposed to merely circumstantial evidence, identifying the defendant as the original thief." *Marriott v. State*, 320 Ga. App. 58, 61 (1) (739 SE2d 68) (2013).

The indictment in this case charged that Frazier, Bradford and Ratliff "did unlawfully retain stolen property, to wit: Honda automobile [sic], a motor vehicle, which he should have known was stolen, said property not having been retained with intent to restore it to said owner." The evidence as set forth above was sufficient for the jury to conclude that Frazier retained the stolen property. OCGA § 16-8-7. Frazier admitted that he knew the car was stolen, the defendants engaged in a high-speed chase to avoid police, and Frazier ran after the car came to a stop. See *Johnson v. State*, 236 Ga. App. 356, 357 (1) (511 SE2d 921) (1999) (evidence was sufficient where defendant admitted that getaway car was stolen, the defendants used the car in a high speed chase, and they abandoned the car after the chase). Given that there was merely circumstantial evidence that Frazier was the original thief, we will not

overturn his conviction for theft by receiving stolen property. *Marriott*, 320 Ga. App. at 61 (1).

3. Frazier argues that trial counsel was constitutionally deficient for failing to object to the prosecutor's comments regarding his pre-trial silence. Although we agree that the comments were improper, we conclude that Frazier has not shown that the outcome of his trial would have been different but for those comments.

> In order to prevail on a claim of ineffective assistance of counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct. Whether a trial attorney renders constitutionally ineffective assistance is a mixed question of law and fact. When reviewing a trial court's decision to grant a motion for new trial based on ineffective assistance of counsel, we defer to the trial court's findings of fact unless clearly erroneous, but owe no such deference to its conclusions of law which we apply independently to the facts.

(Citations omitted.) *State v. Sims*, 296 Ga. 465, 468-469 (2) (769 SE2d 62) (2015). It is well established in Georgia that the State may not comment on a defendant's silence or failure to come forward voluntarily. Id. Such comments are far more

11

prejudicial than probative and are not to be permitted, even when a defendant takes the stand in his own defense. Id.

Here the State's comments during its cross-examination of Frazier and during closing argument emphasized that Frazier failed to come forward and tell police the "real truth" about the crimes. There is no dispute that these comments were impermissible and that trial counsel was deficient for failing to object to them. See *Thomas v. State*, 284 Ga. 647, 648-649 (2) - (3) (670 SE2d 241) (2008); *Sims*, supra, 296 Ga. at 468-471 (2). Nevertheless, given the direct and circumstantial evidence of Frazier's guilt, as set forth above, we find that there is no reasonable probability that the outcome of the trial would have been different but for trial counsel's deficient performance. Notably, the victim identified Frazier as the gunman at trial. Moreover, Frazier was found in the victim's stolen car and he had her stolen credit card in his pocket when he was arrested. See *Sanders v. State*, 290 Ga. 637, 641 (5) (723 SE2d 436) (2012) (no reasonable probability that outcome of trial would have differed, given eyewitness identification and evidence connecting defendant to getaway vehicle); *Moore v. State*, 278 Ga. 397 (2) (a) (603 SE2d 228) (2004) (no reasonable likelihood that outcome of trial would have differed given strong circumstantial evidence of defendant's guilt); *Lampley v. State*, 284 Ga. 3, 38 (2) (b) (given the

12

weight of the evidence, there was no reasonable probability that the outcome of defendant's trial would have been different). Therefore, we conclude that Frazier has not shown the prejudice necessary to establish ineffective assistance of counsel in this regard.

4. Frazier argues that trial counsel was constitutionally deficient for allowing him to plead guilty to fleeing or eluding where there was insufficient evidence to support the charge. We agree.

Pursuant to OCGA § 40-6-395 (a),

[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a *visual or an audible signal* to bring the vehicle to a stop. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such signal shall be in uniform prominently displaying his or her badge of office, and his or her vehicle shall be appropriately marked showing it to be an official police vehicle.

(emphasis supplied).

Importantly, to the extent that Frazier appeals from the denial of his motion for a directed verdict on this count, Frazier waived any direct challenge to the sufficiency of the evidence by pleading guilty. *Wilson v. State*, 302 Ga. App. 433, 435 (3) (691

13

SE2d 308) (2010). Thus, we review this issue solely under the claim that trial counsel was ineffective for allowing Frazier to enter his plea to this charge. Frazier raised his claim in an amended motion for a new trial. At a hearing on the motion, defense counsel testified that after Frazier's trial, he had been convicted of a felony, had voluntarily relinquished his law license, and had suffered a mental breakdown. He further testified that he had no recollection of Frazier's case, and could not remember the charge of fleeing and eluding law enforcement. He confirmed that he could not testify as to his strategy in the case.

In *Bradford v. State*, 287 Ga. App. 50, 52-53 (1) (651 SE2d 356) (2007), this Court concluded that the evidence was insufficient to convict Jay Bradford, Frazier's codefendant, of fleeing and eluding, and the evidence against Frazier was identical. In light of this Court's decision in *Bradford* that the evidence was insufficient, we conclude that trial counsel gave constitutionally deficient assistance when he advised Frazier to plead to fleeing and eluding. The evidence was insufficient to sustain a conviction on this charge, and therefore, there is a reasonable probability that the outcome would have been different but for trial counsel's conduct. Accordingly, we reverse Frazier's conviction for fleeing and eluding. Moreover, given the insufficient

evidence, the state may not retry Frazier on this charge. *Melton*, supra, 282 Ga. App. at 694 (2) (c).

5. Although not raised by Frazier, we find the evidence sufficient[6] to support the charges to which Frazier pled guilty – financial transaction card theft (OCGA § 16-9-31) and possession of a firearm during the commission of a felony (OCGA § 16-11-106) – as well as the charges for which he was convicted – aggravated assault (OCGA § 16-5-21), armed robbery (OCGA § 16-8-41), and criminal damage to property (OCGA § 16-7-23). .

For the foregoing reasons, we affirm Frazier's convictions for aggravated assault, armed robbery, criminal damage to property, financial transaction card theft, and possession of a firearm during the commission of a felony. We reverse Frazier's convictions for hijacking the car and theft by receiving as mutually exclusive, and we reverse his conviction for fleeing and eluding due to ineffective assistance of counsel. On remand, the state may retry Frazier on the hijacking and theft charges, however, because the evidence was insufficient to sustain a conviction for fleeing and eluding, the state is precluded from retrying Frazier for this crime.

---

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

15

*Judgment affirmed in part, reversed in part, and case remanded. McFadden and McMillian, JJ., concur.*