**FOURTH DIVISION**
**DILLARD, P. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 13, 2017**

# In the Court of Appeals of Georgia

A17A0691. LAMB v. THE STATE.

PER CURIAM.

Raymond Lamb filed a pro se appeal from the trial court's order denying his motion for an out-of-time appeal. For the reasons that follow, we affirm in part, vacate in part, and remand the case for resentencing.

Lamb pled guilty in December 2013 to child molestation and incest. He was sentenced to 25 years for child molestation and 10 years for incest, for a total of 35 years, with the first 18 years to be served in confinement. Lamb subsequently filed a pro se motion for an out-of-time appeal, asserting that he did not receive effective assistance of counsel because his plea counsel did not present the issue of his diminished mental capacity, and that his guilty plea was not made freely and

voluntarily because he was under the influence of "psychotropic" medications at the time of the plea. The trial court denied the motion. Lamb appeals from that denial.

Georgia law is clear that:

> a defendant is not entitled to an out-of-time appeal unless he had the right to file a direct appeal. And a direct appeal from a judgment of conviction and sentence entered on a guilty plea is available only if the issue on appeal can be resolved by reference to facts on the record. For this reason, the ability to decide the appeal based on the existing record is the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

*Smith v. State*, 335 Ga. App. 639, 640 (781 SE2d 400) (2016). As a result, "the merits of [Lamb's] appeal can be addressed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." *Kennedy v. State*, 319 Ga. App. 498, 498-499 (735 SE2d 819) (2012). We therefore look to the issues raised in Lamb's brief and whether those issues may be resolved by the record on appeal.

We first consider Lamb's argument that he did not knowingly or voluntarily enter the plea because he was impaired by medication at the time.

> Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record

2

of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

*Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003) (citation and punctuation omitted).

The transcript of the guilty plea proceeding reveals that before accepting Lamb's plea, the trial court inquired whether he was taking any medications. Lamb said that he was on medication.[1] The trial court explored the issue and asked Lamb:

[b]ut you are thinking clearly today, and you understand everything I'm saying to you, and you've been able to converse or communicate with your lawyer okay; is that right?

Lamb responded, "[y]es, sir." The trial court then explained that it was "going to find that this plea is given freely, voluntarily, and knowingly; there's been no use of force, threats, pressure, intimidation, and no promises made. Is that correct?" Lamb responded, "[y]es, sir."

Lamb responded appropriately and cogently to the trial court's inquiries, and nothing in the proceeding reflects that the medication affected his understanding of the proceedings. "[He] offered no indication to the trial court that he suffered from

---

[1] Lamb stated he was taking Paxil and a medication to "help [him] rest."

3

a medication-induced impairment. To the contrary, he represented to the court that the medicine did not affect his ability to understand the proceedings. No further inquiry was required." *Brown v. State*, 259 Ga. App. 576, 579 (578 SE2d 188) (2003). Because Lamb's argument is of the sort that may be "resolved solely by reference to the existing record," see *Smith*, 335 Ga. App. at 640, Lamb properly raised the argument in his motion for an out-of-time appeal. See *Kennedy*, 319 Ga. App. at 498-499. However, we conclude the trial court did not err in accepting Lamb's guilty plea and that Lamb has failed to demonstrate error in the trial court's denial of his motion for an out-of-time appeal.

Lamb also argues that he received ineffective assistance of counsel for his plea counsel's failure to bring his diminished mental faculties to the trial court's attention.[2] However, issues of ineffective assistance of trial counsel following a guilty plea "can be developed only in the context of a post-plea hearing." *Lamb v. State*, 282 Ga. App. 756, 758 (639 SE2d 641) (2006). See also *Kennedy*, 319 Ga. App. at 499 (2). Likewise, "[i]ssues of mental competency cannot be resolved with reference only to facts appearing in the record of the plea and sentence." *Gray v. State*, 273 Ga. App.

---

[2] It appears that Lamb's mental capacity was called into question below, and during pre-trial proceedings, the trial court ordered a mental evaluation of Lamb.

4

441, 442 (1) (a) (615 SE2d 248) (2005). It follows that this claim is not an issue which may be pursued by direct appeal from a guilty plea. See *Smith v. State*, 266 Ga. 687, 687-688 (470 SE2d 436) (1996); *Kennedy*, 319 Ga. App. at 498. Instead, Lamb must pursue counsel's alleged ineffectiveness in an action for habeas corpus. See *Wetherington v. State*, 296 Ga. 451, 455 (769 SE2d 53) (2015). Consequently, the trial court did not err in denying Lamb's motion for an out-of-time appeal on his ineffective assistance claim where the issue could not be determined from the facts in the record.

Accordingly, the trial court did not abuse its discretion in denying Lamb's motion for an out-of-time appeal. However, as the State concedes, Lamb's 25 year sentence for child molestation exceeds the statutory maximum of 20 years. See OCGA § 16-6-4 (b) (1). We therefore vacate his sentence for child molestation and remand this case for resentencing in accordance with OCGA § 16-6-4 (b) (1).

*Judgment affirmed in part and vacated in part, and case remanded. Division Per Curiam. All Judges concur.*