**THIRD DIVISION
ELLINGTON, P. J.,
BETHEL and GOBEIL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 30, 2018**

# In the Court of Appeals of Georgia

A18A1046. BELL v. THE STATE.

BETHEL, Judge.

Daronta Bell pleaded guilty pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 L.Ed.2d 162) (1970) to two counts of armed robbery and two counts aggravated assault. In his pro se appeal, Bell argues that the trial court erred in failing to merge his aggravated assault convictions with his armed robbery convictions, that the trial court erred in denying his plea in bar and motion to dismiss the indictment, and that he received ineffective assistance of counsel. We find that the trial court did not err in denying Bell's plea at bar and motion to dismiss and that the record cannot support his direct appeal on ineffective assistance grounds. However, we agree with Bell that the offenses of aggravated assault were factually merged into the offenses

of armed robbery. Accordingly, we affirm in part, vacate in part, and remand this case for resentencing.

During the plea hearing, the State proffered the following facts. On July 20, 2015, two women were leaving an apartment complex in their vehicle in Gwinnett County when a white Honda Civic blocked their path. Two armed men with masked faces got out of the Civic and forced the women out of their car. The women left the car keys and their cell phones in the vehicle. The men then took their vehicle, while a third man drove away in the Civic. Police later found the vehicle parked near another stolen vehicle that they had tracked to a mall parking lot in Cobb County. Bell was then found in possession of the keys to one of the stolen cars.

As part of a negotiated plea, Bell pleaded guilty pursuant to *Alford* to two counts of armed robbery and two counts aggravated assault. Bell later filed a motion to modify his sentence, which the trial court denied. Bell now appeals.

1. Bell first argues, and the State concedes, that his convictions for aggravated assault should have merged with his armed robbery convictions. Bell was charged with armed robbery for taking the victims' cell phones through the use of a handgun and aggravated assault for pointing a handgun at the victims with an intent to rob them. "Because the 'assault' element of aggravated assault is contained within the

2

'use of an offensive weapon' element of armed robbery and both crimes share the 'intent to rob' element, there is no element of aggravated assault with intent to rob that is not contained in armed robbery." *See Curtis v. State*, 330 Ga. App. 839, 846 (2) (769 SE2d 580) (2015) (citation omitted). We therefore grant Bell's unopposed request to vacate his conviction for aggravated assault and his sentence. We remand the case for resentencing with direction to merge the aggravated assault counts into the armed robbery counts. *See id.* at 845-846 (2).

2. Additionally, Bell argues that the trial court erred in denying his plea in bar and motion for dismissal of his indictment. In short, Bell argues that because he pleaded guilty in Cobb County to theft by receiving and retaining a stolen vehicle, he could not also be convicted of the armed robbery of that vehicle, as these convictions would be inconsistent. Bell's argument lacks merit.

"Verdicts are mutually exclusive where it is legally and logically impossible to convict the accused of both counts." *Frazier v. State*, 339 Ga. App. 405, 408 (1) (793 SE2d 580) (2016) (citation and punctuation omitted). Here, Bell was indicted for armed robbery based on his intent to take the cell phones of the victims, not their vehicle. Thus, these charges involved different elements — that is, the theft of different property. *Compare Bonner v. State*, 339 Ga. App. 539, 539-546 (794 SE2d

3

186) (2016) (defendant could not be convicted of both hijacking a motor vehicle and theft by receiving of that same vehicle). It is not logically or legally impossible to convict Bell of stealing the cell phones and receiving the stolen car. Therefore, Bell's armed robbery convictions are not mutually exclusive with his theft by receiving conviction. Accordingly, we affirm Bell's convictions. *See Frazier*, 339 Ga. App. at 409 (1) (b).

3. Finally, Bell argues that he received ineffective assistance at trial when his counsel failed to challenge the validity of his arrest warrants. However, this allegation cannot be resolved solely by facts in the record before us, but rather would require an evidentiary hearing. *See Kennedy v. State*, 319 Ga. App. 498, 499 (2) (735 SE2d 819) (2012). Thus, Bell's proper remedy was to file a motion to withdraw his guilty plea, develop the record, and then appeal a denial of that motion. *See id.* Having failed to take those steps, and because the trial court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was entered, Bell's only available remedy as to this claim is habeas corpus. *See id.* at 499-500 (2).

*Judgment affirmed in part, vacated in part and remanded with direction. Ellington, P. J., and Gobeil, J., concur.*