NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 15, 2025

S25A1036. GONZALEZ v. THE STATE.

ELLINGTON, Justice.

Miguel Angel Gonzalez appeals his convictions for felony murder and other crimes in connection with the shooting death of Marcus Gilead and the attempted armed robbery of Ciavy Wiles.[1]

---

[1] The crimes occurred on February 10, 2020. On December 4, 2020, a Gwinnett County grand jury indicted Gonzalez, Abraham Quintanar, and Sebastian Resendiz-Garcia for two counts of felony murder, two counts of aggravated assault with a deadly weapon, two counts of criminal attempt to commit armed robbery, and one count of possession of a firearm during the commission of a felony, and indicted Quintanar alone for possession of a handgun by a person under the age of 18 years. Quintanar was tried separately and convicted of felony murder and other offenses, and we affirmed his convictions on appeal. See *Quintanar v. State*, 322 Ga. 61 (2025). At a jury trial that ended on June 14, 2024, Gonzalez was found guilty on all counts. On that same day, Gonzalez was sentenced to serve life in prison with the possibility of parole for felony murder predicated on the aggravated assault of Gilead, a consecutive five-year prison term for possession of a firearm during the commission of a felony, and a concurrent 30-year prison term for the attempted armed robbery of Wiles. The other felony murder count was vacated by operation of law, and the remaining counts were merged into the crimes for which Gonzalez was sentenced. Gonzalez filed a timely motion for new trial, and he was appointed new counsel. The trial court denied Gonzalez's motion

The sole issue that Gonzalez raises on appeal is the constitutional sufficiency of the evidence to support his convictions. Because that issue has been abandoned on appeal, we affirm.

"Any enumerated error or subpart of an enumerated error not supported by argument, citations to authority, and citations to the record shall be deemed abandoned." Ga. Sup. Ct. R. 22(1). Thus, litigants must "ensure that argument, citation to authority, and citation to the record are all present to avoid having an enumeration deemed abandoned." *Byrd v. State*, 321 Ga. 222, 225 (2025). Although Gonzalez quotes the standard of review, states the law of party to a crime, and cites the record, he has not made any argument whatsoever that the evidence was constitutionally insufficient to support his convictions.[2] Consequently, Gonzalez has not provided

---

for new trial on March 18, 2025. Gonzalez filed a timely notice of appeal, and the case was docketed in this Court to the August 2025 term and submitted for a decision on the briefs.

[2] To the contrary, Gonzalez's appellate brief shows that the record contains evidence to *support* each of his convictions. Appellate counsel explains that she found no errors of law after a thorough review of the record but that, because Gonzalez desired an appeal, she has presented citations to the record and sought a sufficiency review out of respect for Gonzalez's right to appeal. We note that appellate counsel could not have filed a motion for withdrawal of

us "with any meaningful opportunity to analyze why the record evidence does not support his convictions." Id. at 226 (holding that the appellant abandoned the sufficiency-of-the-evidence issue because, although he cited some authority, included record citations, and asserted the constitutional insufficiency of the evidence, he nevertheless failed to make any specific argument in that regard). Moreover, although Gonzalez sets out the elements of each offense for which he was convicted, he has failed to "articulate how and why the evidence was not sufficient, given the elements of and defenses presented with respect to each conviction being challenged on sufficiency grounds." Id. at 227. Accordingly, the sole issue on appeal is deemed abandoned, and the judgment therefore must be affirmed. See Ga. Sup. Ct. R. 22(1); *Byrd*, 321 Ga. at 227; *Allen v. State*, 296 Ga. 428 (2015).

*Judgment affirmed. All the Justices concur.*

---

appointed counsel under *Anders v. California*, 386 US 738 (1967), on the ground that an appeal would be frivolous. This Court has previously rejected the *Anders* procedure because such a motion is "unduly burdensome in that it tends to force the [C]ourt to assume the role of counsel for the appellant." *Huguley v. State*, 253 Ga. 709, 710 (1985).